# Exhibit A

IN THE COUNTY COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NUMBER:

Miami Legal Resources, LLC

and Rossdale CLE, Inc.,                          **[JURY DEMANDED]**

    Plaintiffs,

v.

beehiiv, Inc.
.

    Defendant.

_____/

## **COMPLAINT**

Miami Legal Resources, LLC and Rossdale CLE, Inc. hereby sues beehiiv, Inc. (hereinafter "beehiiv") for violations of the Florida Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA") and negligence. These are all based on Florida state law. As a direct and foreseeable result of Defendant's wrongful actions detailed in this lawsuit, Plaintiffs Miami Legal Resources, LLC (hereinafter "MLR") and Rossdale CLE, Inc. (hereinafter "Rossdale) have incurred actual damages, statutory damages, costs, and attorneys fees (provided by statute). This lawsuit is only being filed as a last resort after Plaintiffs attempted to contact Defendant numerous times to resolve this dispute prior to commencing this claim.

This lawsuit is brought to recover actual damages, statutory damages, costs, and attorneys fees resulting from Defendant's violations of the Florida Deceptive and Unfair Trade Practices Act and negligence.

In support thereof Plaintiffs state as follows:

1

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

## GENERAL ALLEGATIONS

### PARTIES

1.     Plaintiff Miami Legal Resources, LLC is licensed to do business in the State of Florida. It is headquartered in Miami-Dade County, Florida.

2.     Plaintiff Miami Legal Resources, LLC is licensed to do business in the State of Florida. It is headquartered in Miami-Dade County, Florida.

3.     Defendant beehiiv is a corporation believed to be incorporated in the State of New York.  Pursuant to Florida Statutes, Substituted Service may be made on the Florida Secretary of State because Defendant beehiiv is licensed in a state outside of Florida.

### JURISDICTION AND VENUE

4.      This is an action for damages of $99.00 or less, within the jurisdictional limit of this Court, exclusive of interest, costs, liquidated damages, statutory and attorneys' fees; and in all respects meets the jurisdictional requirements of this Court pursuant to Florida Statutes § 34.01.

5.      This Court has personal jurisdiction over Defendant pursuant to Florida Statute §48.193(1)(a) because: (1) Plaintiffs are based in Miami-Dade County, Florida; (2) the cause of actions sued on in this complaint arose from statutory violations that Defendant caused to incur in Miami-Dade County, Florida; (3) Defendant sent emails to Plaintiffs knowing that the Plaintiffs are located in Miami-Dade County, Florida; (4) the damages, costs, and fees complained of in this suit have and continue to accrue in Miami-Dade County,        Florida;        (5)        Plaintiffs        have        obtained certificates of authority from the Florida Department of State, Division of Corporations to transact business in the State of Florida; (6) and the large number of business operations that Defendant maintains in Florida, coupled

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

with the number of employees of Defendants in the State of Florida, and the volume of business transacted by Defendant in the State of Florida qualify Defendant as "operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state [Florida]". Fla. Stat. §48.193(1)(a)(1).

## FACTUAL ALLEGATIONS

6.    Plaintiffs offer legal training courses for lawyers, judges, law students, legal professionals, law firms, and law related entities.

7.    Defendant operates an email marketing service known commonly as beehiiv to provide individuals and entities with newsletter and email marketing services  A true and correct composite copy of screenshots of Defendant beehiiv's website is attached to this Complaint as **Exhibit B**.

8.    Defendant is required to abide by email marketing laws, including the Florida Unfair and Deceptive Trade Practices Act.

9.    FDUPTA incorporates a number of consumer protection laws, including those that are applicable here.

10.   FDUTPA provides an avenue to punish a wrongdoer for "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204.

11.   An FDUTPA violation may be based on any law or statute that "proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." Fla. Stat. § 501.203(3)(c).

12.   Defendant operates beehiiv, which purports to be, "Everything you need to write, send,

3

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

and expand your audience, all in one place…Write, design, and send professional newsletters easily – no coding required." (available at: https://www.beehiiv.com/newsletter-platform) (last accessed: Dec. 14, 2025). *See* **Exhibit B.**

13. In fact, Defendant represents, "beehiiv is the newsletter-first operating system for Business creators to own and monetize their audience." (available at: https://www.beehiiv.com/beehiiv-for/business) (last accessed: Dec. 14, 2025). *See* **Exhibit B.**

14. Additionally, Defendant beehiiv claims to be, "MORE THAN JUST NEWSLETTER. Forget all of the other tools, beehiiv is the only platform you'll need." *Id*. (emphasis retained in original).

15. Despite Defendant's claims about offering businesses, individuals, and brands newsletter and email marketing services, in truth and in fact, Defendant's platform is so negligently designed and/or maintained that Defendant fails to meet the requisite requirements to send out email messages that abide by the Florida Unfair and Deceptive Trade Practices Act and the laws incorporated by FDUPTA.

16. Moreover, Defendant's platform fails to abide the requirements of the Florida Unfair and Deceptive Trade Practices Act, and is therefore in violation of FDUPTA.

17. On or about Sept. 22, 2023, Plaintiffs relied upon Defendant's representations to open and pay for a so-called "Max" account with Defendant beehiiv. **Exhibit D.**

18. On or about Sept. 22, 2023, Plaintiffs opened an account with Defendant for Defendant to send and/or cause to be sent Plaintiffs' commercial messages to certain recipients. A true and correct copy of the receipt received from Defendant is attached hereto as **Exhibit**

4

CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

**D.**

19. Defendant charged Plaintiffs $699.00 for the service to be provided by Defendant. **Exhibit D**.

20. Defendant also charged Plaintiffs numerous times after Sept. 22, 2023, including for $380.21 on Oct. 3, 2023, $49.00 on Oct. 12, 2023, $649.86 on Oct. 12, 2023, and $1,299.00 on Oct. 22, 2023. **Exhibit E.**

21. Between Sept. 22, 2023 to Oct 22, 2023, Plaintiffs uploaded lists of 247,000 and 170,000 recipients to Defendant beehiiv's system for Defendant beehiiv to email or caused to be emailed Plaintiffs' commercial message/newsletter.

22. Between Sept. 22, 2023 to Dec. 1, 2023, Defendant beehiiv emailed and/or caused to be emailed Plaintiffs' commercial message/newsletters to 417,000 recipients.

23. The last commercial message sent and/or caused to be sent by Defendant beehiiv system for Plaintiffs was sent on or about Dec. 1, 2023.

24. The Florida Unfair and Deceptive Trade Practices Act requires that commercial email messages sent through a newsletter or email marketing system like Defendant beehiiv contain an unsubscribe or opt-out link that remains functional for at least thirty (30) days after transmission of the message.

25. The rationale behind the Florida Unfair and Deceptive Trade Practices Act is quite simple: a recipient of an email sent through a newsletter/email marketing system like Defendant beehiiv legally has a right to quickly, easily and freely unsubscribe from future emails by clicking on a link in the message.

26. Here, Defendant beehiiv's system is marketed and represented as being designed for use by individuals, business owners, journalists, writers, start-up owners, bloggers, content

A TRUE COPY
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

creators, pop culture enthusiasts, foodies, company founders, among others. None of these positions or occupations would reasonably under the circumstances require the position to be a licensed attorney well versed in email marketing laws AND a computer programmer with sufficient knowledge to ensure that use of beehiiv adheres to email marketing laws.

27.     Defendant beehiiv fails to adhere with the requirements of the Florida Unfair and Deceptive Trade Practices Act because Defendant's system allows for the quick and immediate deletion of the records of recipients of commercial messages and newsletters without regard that such deletion will effectively prevent recipients of email messages from unsubscribing within he 30-day window mandate by FDUPTA. **Exhibit A** provides a  true and correct screenshot of Defendant beehiiv's system confirming that Plaintiffs could not access their account after Dec. 1, 2023 to obtain the recipients who unsubscribed.

28.     Without Defendant maintaining a record of functioning unsubscribe links, users like Plaintiffs have no ability to discern which recipients unsubscribed.

29.     Moreover, even after attempting to use Defendant beehiiv's system to export the unsubscribe data, there are ZERO records of who unsubscribed.

30.     Defendant beehiiv failed to keep and/or maintain ANY records of who unsubscribed from receiving emails. This is a direct violation of the Florida Unfair and Deceptive Trade Practices Act.

31.     It is extremely important for the public to be able to unsubscribe. FDUPTA incorporates and makes part of Florida Law the regulations governing email marketing law. Those laws dictate that, "Electronic mail has become an extremely important and popular means

6

CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

of communication, relied on by millions of Americans on a daily basis for personal and commercial purposes. Its low cost and global reach make it extremely convenient and efficient, and offer unique opportunities for the development and growth of frictionless commerce." The importance of consumers being able to unsubscribe is part and parcel of FDUPTA, "The convenience and efficiency of electronic mail are threatened by the extremely rapid growth in the volume of unsolicited commercial electronic mail. Unsolicited commercial electronic mail is currently estimated to account for over half of all electronic mail traffic, up from an estimated 7 percent in 2001, and the volume continues to rise…. The receipt of unsolicited commercial electronic mail may result in costs to recipients who cannot refuse to accept such mail and who incur costs for the storage of such mail, or for the time spent accessing, reviewing, and discarding such mail, or for both…The receipt of a large number of unwanted messages also decreases the convenience of electronic mail and creates a risk that wanted electronic mail messages, both commercial and noncommercial, will be lost, overlooked, or discarded amidst the larger volume of unwanted messages, thus reducing the reliability and usefulness of electronic mail to the recipient." It is therefore critical for Defendant to maintain a system that tracks and monitors which recipients have unsubscribed for Plaintiffs can honor those preferences. Moreover, Florida Law dictates and requires that Defendant beehiiv maintains a system that tracks and monitors which recipients have unsubscribed.

32. Every violation of Defendants' failure to include an unsubscribe or opt-out link that remains functional for at least thirty (30) days after transmission of a commercial message is accessed a $250 fee, per email message.

33. Here, the penalties against Defendant under the Florida Unfair and Deceptive Trade

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

Practices Act would be calculated as 417,000 emails x $250/message = $104,250,000 in damages for each email sent that failed to include an unsubscribe link that functioned for *at least* 30 days after defendant beehiiv sent and/or caused the email to be sent.

34.    In this matter, Plaintiffs allege that Defendant sent and/or caused to be sent 56 sets of 417,000 emails that failed to include an unsubscribe link that functioned for *at least* 30 days after defendant beehiiv sent and/or caused the email to be sent.

35.    Without the unsubscribe records from Defendant and working unsubscribe links, Plaintiffs have no knowledge as to which recipients of the commercial email message delivered by Defendant unsubscribed.

36.    Plaintiffs have suffered damages without said unsubscribe data from Defendant and without working unsubscribe links.

37.    Plaintiffs specifically plead attorneys' fees, court costs, and actual damages incurred by Defendant's actions here.

38.    Moreover, the mere failure of Defendant to provide a working unsubscribe link accessible for at least 30 days after the delivery of the commercial email/newsletter provides for a $250 statutorily defined damage per each message, for a total of $104,250,000.

39.    The messages at issue in this matter were sent and/or caused to be sent by Defendant beehiiv on or about Nov. 3, 2023 to Dec 1, 2023.

40.    On Dec. 1, 2023, Defendant beehiiv terminated Plaintiffs' accounts.  That had the result of disabling all of the unsubscribe links that had been sent and/or caused to be sent by Defendant to Plaintiffs' 417,000 recipients between Nov. 3, 2023 to Dec 1, 2023.

41.    Starting on Dec. 1, 2023, recipients were unable to click the unsubscribe link to unsubscribe though Defendant beehiiv's system.

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

8

42. Therefore, Defendant beehiiv's system is so negligently designed and maintained that Defendant beehiiv fails to comply with FDUPTA.

43. Moreover, Defendant beehiiv has acted in such a manner that fails to provide users like Plaintiffs with critical data that Plaintiffs are legally entitled to access and receive: the unsubscribe information from Plaintiffs' account.

44. As a direct result of Defendant beehiiv's actions detailed in this matter, Plaintiffs have incurred actual damages.

45. There is a direct link between Defendant's deceptive or unfair practice and the losses suffered by Plaintiffs in this action.

46. Reasonably prudent consumers like Plaintiffs under the same circumstances are likely to be deceived by Defendant because Defendant beehiiv advertises and claims that Defendant beehiiv's system is designed for everyday business owners, writers, bloggers, among others, yet in truth and in fact, Defendant fails to meet the legal requirements under FDUPTA for sending out commercial messages and newsletters.

47. Plaintiffs provided substantial funds to Defendant for Defendant to send out and/or cause to be sent out Plaintiffs' marketing in a lawful manner.

48. Plaintiffs would not have paid Defendant anything if Plaintiffs knew that Defendant beehiiv fails to meet the legal requirements under FDUPTA for sending out commercial messages and newsletters.

49. Defendant beehiiv's deceptive and/or unfair practices prevent Plaintiffs from obtaining and/or accessing critical data that Plaintiffs are legally entitled to access and receive: the unsubscribe information from Plaintiffs' account.

50. Public policy mandates and requires that Defendant beehiiv provide Plaintiffs with

A TRUE COPY.
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

Plaintiffs' unsubscribe data.

51.   It is immoral, unethical, oppressive, or unscrupulous, and offends established public policy, causing substantial injury to consumers for Defendant beehiiv to refuse to provide Plaintiffs with Plaintiffs' unsubscribe data.

52.   Plaintiffs have made numerous good-faith attempts to resolve this matter with Defendant for days on end and Defendant has failed to offer any meaningful attempt to resolve this matter.

53.   Defendant has either wholly ignored Plaintiffs' messages and/or failed to provide any responsive message back to Plaintiffs.

54.   Despite Plaintiffs' numerous attempts over numerous days to request that Defendant merely provide Plaintiffs with Plaintiffs' unsubscribe data, Defendant has failed to provide ANY unsubscribe data to Plaintiffs.

55.   As a result, Plaintiffs have no choice but to file the instant suit before this Court.

## COUNT I – VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FLA. STAT. §§ 501.201 – 501.213) ["FDUTPA"]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1-55 above, and further allege:

56.   Chapter 501, Fla. Stat., Florida's Deceptive and Unfair Trade Practices Act is to be liberally construed to protect the consuming public, such as Plaintiffs MLR and Rossdale in this case, from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

57.   Plaintiffs MLR and Rossdale are consumers within the meaning of Fla. Stat as a business, firm, association, joint venture, corporation, and any commercial entity. § 501.203(7).

58.   Defendant engaged in trade and commerce within the meaning of Fla. Stat. § 501.203(8).

10

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

59.     While FDUTPA does not define "deceptive" and "unfair," it incorporates by reference other interpretations of these terms; those references find that a "deceptive act or practice" encompasses "a representation, omission or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."

60.     Defendant operates and maintains an email marketing system that fails to keep track of unsubscribes, fails to honor unsubscribes, and/or fails to provide users with unsubscribe data.

61.     As a result of Defendant's deceptive trade practices, Plaintiffs were deceived into providing $3,077.16 to Defendant – thus causing Plaintiffs economic damages.

62.     Moreover, Plaintiffs have incurred substantial damages in the amount of $250 statutorily defined damage per each message, for a total of $104,250,000, due to the defective unsubscribe links sent to 417,000 recipients in Plaintiffs' account.

63.     Defendant beehiiv has made false statements and omissions as to Defendant beehiiv's newsletter and email marketing system being useful for individuals, bloggers, businesses, and others, yet in truth and in fact, Defendant beehiiv's system fails to comply with FDUPTA.

64.     The materially false statements and omissions as described above; and the fact that Defendants perpetrated upon Plaintiffs the above reference misrepresentations were unfair, unconscionable, and deceptive practices perpetrated on Plaintiffs, which would have likely deceived a reasonable person under the circumstances.

65.     Defendant, through its own advertising and representations, were on notice at all relevant times that the false representations and advertisements were all made to deceive victims like Plaintiffs into wrongfully paying Defendant for Defendant's unlawful and defective system.

66.     As a result of the false representations described above, Plaintiffs have been damaged by, among other things, paying Defendant and now incurring substantial statutory damages.

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

67.     Plaintiffs have also been damaged in other and further ways subject to proof at trial.

68.     Therefore, Defendant engaged in unfair and deceptive trade practices in violation of Fla. Stat. section 501.201 *et seq.*

69.     Pursuant to Fla. Stat. §§ 501.211(1) and 501.2105, Plaintiffs are entitled to recover from Defendant the reasonable amount of attorneys' fees and costs Plaintiffs have incurred in representing Plaintiffs' interests in this matter.

**WHEREFORE**, Plaintiffs MLR and Rossdale demand judgment against Defendant beehiiv for an amount within the jurisdictional limits of this Honorable Court, including an award of interest and an award of attorney's fees and costs pursuant to Fla. Stat. § 501.211(1) and 501.2105, together and other relief deemed just and appropriate by this Honorable Court. Plaintiffs MLR and Rossdale reserve the right to seek leave of court to assess punitive damages against Defendant beehiiv.

## COUNT II - NEGLIGENCE

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1-50 above, and further allege:

70.     At all times material hereto, Defendant beehiiv owed the duty to the Plaintiffs to exercise reasonable care for Plaintiffs' compliance with applicable email marketing laws.

71.     Defendant beehiiv breached its duty of care to Plaintiffs MLR and Rossdale and was negligent in creating an unreasonably dangerous and hazardous condition, in failing to maintain functional unsubscribe links in the emails sent out on behalf of Plaintiffs for at least thirty (30) days after the messages were mailed and/or caused to be mailed by

12

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

Defendant beehiiv for Plaintiffs MLR and Rossdale, as well as to maintain and operated a functional newsletter/email marketing system that prevents users from disabling said unsubscribe links in the user's account.

72.    As a direct and proximate result of Defendant beehiiv's aforesaid negligence, Plaintiffs MLR and Rossdale have suffered, and continues to suffer material damages, loss of reputation, loss of business income, diminished goodwill, attorneys' fees, court costs, and other losses to be proven at trial.

**WHEREFORE** Plaintiffs MLR and Rossdale demand judgment against Defendant beehiiv in an amount to be determined at trial, together with interest and costs and other relief deemed just and appropriate by this Honorable Court.  Plaintiffs MLR and Rossdale reserve the right to seek leave of court to assess punitive damages against Defendant beehiiv.

## **RESERVATION OF RIGHTS**

Plaintiffs MLR and Rossdale reserves the right to further amend this Complaint, upon completion of its investigation and discovery, to assert a claim for punitive damages, as well as any additional claims for relief against Defendant or other parties as may be warranted under the circumstances and as allowed by law.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all claims so triable.

## **CLASS ACTION CERTIFIABLE**

Based upon information and belief, this Complaint could be certified as a class action

CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

because Defendant beehiiv has committed the same misconduct to at least 40 other Floridians, if not thousands, who have each suffered substantially similar damages, facing a common question of law or fact. At this time, Plaintiffs do not seek Class Action Certification, but reserves all rights to seek to amend after discovery has been completed.

Respectfully submitted,

BY: <u>Jordan A. Dresnick</u>
JORDAN A. DRESNICK
Florida Bar No. 058529
**LAW OFFICES OF JORDAN A. DRESNICK**
901   Brickell Key Blvd.
Suite 2901
Miami, FL 33131
Telephone:    (786) 220-8785
E-mail: jordandresnick@gmail.com

BY: /s/ <u>Amado Alan Alvarez</u>
AMADO ALAN ALVAREZ
Florida Bar No. 746398
BOARD CERTIFIED CIVIL TRIAL LAWYER
THE ALVAREZ & FRIGER TRIAL LAW FIRM
The Concorde Office Tower
66 West Flagler Street, 12th Floor
Miami, Florida 33130
Tel. (305) ALVAREZ [258-2739]
Fax: 1 (844) ALANFAX [252-6329]
Email: Alan@AlvarezFrigerTLF.com

Dated: Dec. 14, 2025

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

# <u>Exhibit A</u>



A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

# Exhibit B





A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER



A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

# Exhibit C

## Receipt

| | |
|---|---|
| Invoice number | 7A89B21E-0002 |
| Receipt number | 2961-3611 |
| Date paid | September 22, 2023 |
| Payment method | Visa - 6706 |

**beehiiv**
228 Park Ave S
#29976
New York, New York 10003
United States
support@beehiiv.com

**Bill to**
ebony.jones@rossdalecle.com

### $699.00 paid on September 22, 2023

| Description | Qty | Unit price | Amount |
|---|---|---|---|
| beehiiv — Entry Enterprise<br>Sep 22 – Oct 22, 2023 | 1 | $699.00 | $699.00 |
| | | Subtotal | $699.00 |
| | | Total | $699.00 |
| | | **Amount paid** | $699.00 |

18

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

# Exhibit D

## Receipt

| | |
|---|---|
| Invoice number | 7A89B21E-0002 |
| Receipt number | 2961-3611 |
| Date paid | September 22, 2023 |
| Payment method | Visa - 6706 |

**beehiiv**
228 Park Ave S
#29976
New York, New York 10003
United States
support@beehiiv.com

**Bill to**
ebony.jones@rossdalecle.com

### $699.00 paid on September 22, 2023

| Description | Qty | Unit price | Amount |
|---|---|---|---|
| beehiiv — Entry Enterprise<br>Sep 22 – Oct 22, 2023 | 1 | $699.00 | $699.00 |
| | Subtotal | | $699.00 |
| | Total | | $699.00 |
| | **Amount paid** | | **$699.00** |

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

# **Exhibit E**

## Receipt

| | |
|---|---|
| **Invoice number** | 7A89B21E-0003 |
| **Receipt number** | 2674-1764 |
| **Date paid** | October 3, 2023 |
| **Payment method** | Visa - 6706 |

**beehiiv**
228 Park Ave S
#29976
New York, New York 10003
United States
support@beehiiv.com

**Bill to**
ebony.jones@rossdalecle.com

### $380.21 paid on October 3, 2023

| Description | Qty | Unit price | Amount |
|---|---|---|---|
| Remaining time on 500K subs after 03 Oct 2023<br>Oct 3 – Oct 22, 2023 | 1 | | $823.16 |
| Unused time on beehiiv — Entry Enterprise after 03 Oct 2023<br>Oct 3 – Oct 22, 2023 | 1 | | -$442.95 |
| | Subtotal | | $380.21 |
| | Total | | $380.21 |
| | **Amount paid** | | **$380.21** |

20

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

# Receipt



| | |
|---|---|
| **Invoice number** | F7A68895-0002 |
| **Receipt number** | 2331-8343 |
| **Date paid** | October 12, 2023 |
| **Payment method** | Visa - 6706 |

**beehiiv**
228 Park Ave S
#29976
New York, New York 10003
United States
support@beehiiv.com

**Bill to**
ebony.jones@rossdalecle.com

## $49.00 paid on October 12, 2023

| Description | Qty | Unit price | Amount |
|---|---|---|---|
| beehiiv — Grow<br>Oct 12 – Nov 12, 2023 | 1 | $49.00 | $49.00 |
| | | Subtotal | $49.00 |
| | | Total | $49.00 |
| | | **Amount paid** | **$49.00** |

21

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

# Receipt

**Invoice number**   F7A68895-0003
**Receipt number**   2406-2534
**Date paid**   October 12, 2023
**Payment method**  Visa - 6706

**beehiiv**
228 Park Ave S
#29976
New York, New York 10003
United States
support@beehiiv.com

**Bill to**
ebony.jones@rossdalecle.com

## $649.86 paid on October 12, 2023

| Description | Qty | Unit price | Amount |
|---|---|---|---|
| Remaining time on beehiiv — Entry Enterprise after 12 Oct 2023<br>Oct 12 – Nov 12, 2023 | 1 | | $698.85 |
| Unused time on beehiiv — Grow after 12 Oct 2023<br>Oct 12 – Nov 12, 2023 | 1 | | -$48.99 |
| | Subtotal | | $649.86 |
| | Total | | $649.86 |
| | **Amount paid** | | **$649.86** |

22

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

# Receipt

**Invoice number**  7A89B21E-0004
**Receipt number**  2694-8773
**Date paid**  October 22, 2023
**Payment method**  Visa - 6706

**beehiiv**
228 Park Ave S
#29976
New York, New York 10003
United States
support@beehiiv.com

**Bill to**
ebony.jones@rossdalecle.com

## $1,299.00 paid on October 22, 2023

| Description | Qty | Unit price | Amount |
|---|---|---|---|
| 500K subs<br>Oct 22 – Nov 22, 2023 | 1 | $1,299.00 | $1,299.00 |
| | | Subtotal | $1,299.00 |
| | | Total | $1,299.00 |
| | | **Amount paid** | **$1,299.00** |

**STATE OF FLORIDA, COUNTY OF DADE**
I HEREBY CERTIFY that the foregoing is a true and
correct copy of the original on file in this
office____January 07_____AD 20_____26___
Juan Fernandez-Barquin, Esq.
Clerk of the Court and Comptroller
Deputy Clerk _____

34648912

23