UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| MADISON ROW MARKETING, INC., | |
| Plaintiffs, | Civil Action No. 1:25-cv-26130-JB |
| v. | |
| BEEHIIV INC., a New York corporation; DAN KRENITSYN, | |
| Defendants. | |
| | |
| MIAMI LEGAL RESOURCES, LLC AND ROSSDALE CLE, INC., | |
| Plaintiffs, | Civil Action No. 1:26-cv-20111-JB |
| v. | |
| BEEHIIV INC., a New York corporation; DAN KRENITSYN, | |
| Defendants. | |

## BEEHIIV'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY THEIR MOTION TO REMAND DEADLINES; AND

## BEEHIIV'S MOTION TO STAY ITS MOTION TO CONSOLIDATE DEADLINES

Defendant beehiiv Inc. ("beehiiv") hereby responds to the "Motion for Enlargement of Time to File Motion(s) for Remand" ("Enlargement Motion") filed by Plaintiffs in the above-captioned matters, Madison Row Marketing, Inc., Miami Legal Resources, LLC, and Rossdale CLE, Inc. ("Plaintiffs"). Although styled as a motion to briefly extend their deadlines to move to remand in light of personal events, Plaintiffs' counsel in actuality request that this Court wait to decide Plaintiffs' forthcoming remand motions disputing that this Court has subject-matter

jurisdiction at all, so that beehiiv be required to first brief the Consolidation Motions. This is backwards. Plaintiffs' Enlargement Motion, moreover, should be further denied because Plaintiffs' counsel failed to follow this District's meet and confer requirements despite their misrepresentations that they did.

      **A.**      **Plaintiffs' Counsel Originally Requested Only a Brief Extension, to Which beehiiv Agreed**

This matter involves two issues: (1) Plaintiffs' original request to beehiiv for a 5-10 day extension to their forthcoming motion to remand deadlines in light of personal events, and (2) whether Plaintiffs' Motions to Consolidate should be stayed until Plaintiffs file, and this Court decides, the forthcoming remand motions.

On (1), a brief extension to accommodate Plaintiffs' counsel's personal matters, beehiiv consented. *See* Harclerode Decl. Ex. A, at 2. Specifically, on January 22, Plaintiffs' counsel asked beehiiv if it would agree to a 5-10 day extension for the first time during a telephonic meet and confer. Harclerode Decl. ¶ 4. During that call, Plaintiffs' counsel also advised they would file motions to remand in both cases. *Id.* ¶¶ 4-5. One day later, on Friday at 3:27 p.m., beehiiv's counsel emailed agreeing to a one-week extension of Plaintiffs' remand motion deadlines, and asked to review a draft stipulation. Harclerode Decl. Ex. A, at 2 ("As for your request for an extension on the Motions to Remand in the two matters in light of personal events, beehiiv is certainly willing to extend the professional courtesy of agreeing to a one-week extension.").

In that same email, beehiiv's counsel also asked whether Plaintiffs would agree to stay beehiiv's deadline to respond to Plaintiffs' Consolidation Motions until after the Court decides Plaintiffs' forthcoming remand motions. *Id.* This made sense from a legal and efficiency perspective, beehiiv explained: "Since Plaintiffs intend to challenge the Court's subject-matter jurisdiction via your Motions to Remand, the threshold question is whether the Court has

2

jurisdiction to adjudicate these actions—including the Motions to Consolidate, which you expressly made under the Federal Rules.  It would not be appropriate or efficient for the Court to consider consolidation before resolving the Motions for Remand." *Id.* at 1-2.

beehiiv asked for Plaintiffs' consent and position on the matter in light of this Court's clear meet and confer requirements under L.R. 7.1(a)(3), which applies to motions for extensions.  In addition, out of professional courtesy (especially given it was a Friday), beehiiv provided Plaintiffs' counsel until Tuesday, January 27 to respond, and further offered to discuss by phone. *Id.* at 2.

Plaintiffs' counsel had obtained beehiiv's consent to the very extension that they asked for, but they did not respond with a draft stipulation for filing.  Neither did they provide their position on beehiiv's request to stay its Consolidation Motion deadlines.  Instead, an hour later, Plaintiffs' counsel responded claiming confusion at beehiiv's email: "We are still not sure of your position on the enlargement of time.  On the one hand, you mentioned agreeing to a one-week enlargement, but then you mentioned the Court ruling on the remand first." *Id.* at 1.  Plaintiffs' counsel then asked, "Please review our earlier email so you can inquire of your client and advise of our request." *Id.*

Then seven minutes later,[1] on Friday at 4:36 p.m.—despite them claiming confusion about beehiiv's position and despite expressly asking undersigned counsel to check with beehiiv on its position—Plaintiffs' counsel filed the Enlargement Motion.  The Motion makes clear that Plaintiffs' counsel fully understood beehiiv's position.  Enlargement Mot. ¶ 13 ("Counsel for Defendants have advised that their client does not object to a one-week extension.").

---

[1] beehiiv's counsel received Plaintiffs' counsel's email at 4:29 p.m.  Microsoft Outlook's servers had experienced issues the previous day but, even if Plaintiffs' counsel had sent their email before 4:29 p.m., it was in response to beehiiv's 3:27 p.m. email and would have still meant Plaintiffs' counsel almost immediately cut off the meet and confer process.

3

It also makes clear that Plaintiffs' counsel chose to ignore beehiiv's request for Plaintiffs' position, terminate all meet and confer efforts, and run to the Court. This does not satisfy L.R. 7.1(a)(3).

More egregiously, the Enlargement Motion make multiple misrepresentations that misleadingly suggest beehiiv neglected its meet and confer obligations. The Motion claims, "The undersigned [Plaintiffs'] counsel have further inquired of Defendants' counsel on this point and have not yet heard back." Yet they waited all of seven minutes between "inquir[ing] of Defendants' counsel" and filing the Motion. Harclerode Decl. Ex. A, at 1. This is precisely the type of gamesmanship frowned upon by the rules. *See, e.g.*, L.R. 7.1(a)(3) (requiring "a good faith effort to resolve by agreement"). Similarly, they suggest having had "several lengthy" telephone and email conversations with beehiiv about Plaintiffs' request to stay the remand motion deadlines which is wrong (there were no calls and two emails about the matter). Enlargement Mot. ¶ 13 ("The undersigned counsel have both communicated telephonically in several lengthy conversations and in writing with Defendants' counsel"); Harclerode Decl. Ex. A, at 1-3. The Motion should be denied for this reason alone.

In addition, the Enlargement Motion also contains the following misrepresentations:

- Plaintiffs' counsel states "all of the parties readily admit that is no jurisdiction for this Court under 28 U.S. Code § 1332" and "there is no federal question." Enlargement Motion ¶ 4. Not true.

- Plaintiffs' counsel states "Plaintiffs and Defendants in both matters readily admit that there is clear overlap of the identically same . . . facts, evidence, witnesses . . . in the two matters." *Id.* ¶ 3. Not true.

4

> **B.  The Court Should Grant Beehiiv's Request to Stay the Consolidation Motion Deadlines Until It Resolves Plaintiffs' Remand Motions**

Plaintiffs do not dispute they intend to and will file motions to remand both matters on the basis that this Court does not have subject-matter jurisdiction. As a matter of law, efficiency, and good sense, beehiiv requests this Court to first decide Plaintiffs' forthcoming remand motions and stay beehiiv's Consolidation Motion deadlines.

First, subject-matter jurisdiction is a threshold issue. When it comes to a motion to remand "for lack of subject-matter jurisdiction, the federal district court undertakes a threshold inquiry." *Osborn v. Haley*, 549 U.S. 225, 243 (2007). Because jurisdiction is a matter of the court's authority to adjudicate the case, the court must resolve challenges to subject-matter jurisdiction "notwithstanding the presence of other motions pending before the court." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (collecting cases). Courts must rule on motions to remand prior to deciding other issues filed by the parties. *See, e.g.*, *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) ("Questions of jurisdiction . . . must be addressed first to ensure that [the court] ha[s] the authority to hear the case."); *Zarrella v. Graduate Grp., Inc.*, No. 12-21976-CIV, 2012 WL 13014710, at *1 (S.D. Fla. Aug. 28, 2012) ("[A] motion to remand for lack of subject matter jurisdiction necessarily precedes a motion to dismiss."). Here, Plaintiffs have represented to beehiiv and this Court that it intends to file motions to remand in both matters. The Court should thus first resolve that threshold issue and stay beehiiv's deadline to respond to the Consolidation Motions.

Second, staying beehiiv's Consolidation Motion deadlines is the only efficient use of court and party resources. Federal courts do not have authority over cases for which they lack subject-matter jurisdiction, so it makes no sense for this Court to spend time and judicial resources evaluating Consolidation Motions if it would remand the case. For the same reason,

beehiiv should not have to expend the time and costs to brief the Consolidation Motions when Plaintiffs admit they intend to challenge whether the Court has authority over this matter at all.

Third, Plaintiffs will suffer no prejudice from arguing the remand motions before the Consolidation Motions because they must brief both issues—regardless of order.  But beehiiv will undisputedly be prejudiced from having to respond to Consolidation Motions that would be considered moot under Plaintiffs' view that this Court lacks subject-matter jurisdiction.

Dated: January 26, 2026                         By:  */s/ Nury Siekkinen*
                                                Nury Siekkinen (Florida Bar No. 1015937)
                                                Email: nury@zwillgen.com

                                                **ZWILLGEN PLLC**
                                                1900 M Street NW, Suite 250
                                                Washington, DC 20036
                                                Telephone: (202) 296-3585
                                                Facsimile:  (202) 706-5298

                                                *Attorney for Defendant*
                                                *beehiiv Inc.*

## **MEET AND CONFER CERTIFICATION UNDER L.R. 7.1**

beehiiv's counsel attempted on January 23, 2026 to confer with Plaintiffs' counsel to resolve the issues raised in the Motion in good faith, via an email that also offered a telephone call.  beehiiv's counsel has been unable to further meet and confer because Plaintiffs then filed Plaintiffs' Enlargement Motion seeking court relief.

*/s/ Kelsey Harclerode*
Kelsey Harclerode

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on January 26, 2026, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Nury Siekkinen*
Nury Siekkinen

## SERVICE LIST

Jordan A. Dresnick (SBN 058529)
Law Offices of Jordan A. Dresnick
901 Brickell Key Blvd.
Miami, FL 33131
Tel: 786-220-8785
Email: JordanDresnick@gmail.com

Amado Alan Alvarez (SBN 746398)
THE ALVAREZ & FRIGER TRIAL LAW FIRM
66 West Flagler Street, 12th Floor
Miami, Florida 33130
Tel. 305-258-2739
Fax: 1-844-252-6329
Email: Alan@AlvarezFrigerTLF.com

Kenneth B Schurr
Manno & Schurr PA
2030 S Douglas Road, Suite 105
Coral Gables, FL 33134
Tel: 305-441-9031
Fax: 786-221-2720
Email: counselken@schurrlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

MADISON ROW MARKETING, INC.,

    Plaintiffs,

v.

BEEHIIV INC., a New York corporation; DAN KRENITSYN,

    Defendants.

**Civil Action No. 1:25-cv-26130-JB**

MIAMI LEGAL RESOURCES, LLC AND ROSSDALE CLE, INC.,

    Plaintiffs,

v.

BEEHIIV INC., a New York corporation; DAN KRENITSYN,

    Defendants.

**Civil Action No. 1:26-cv-20111-JB**

_____/

## **[PROPOSED] ORDER**

THIS CAUSE came before the Court upon beehiiv's Motion to Stay the Deadlines to Respond to Plaintiffs' Motions to Consolidate in the above-captioned matters, and having reviewed all papers submitted relating thereto, and good cause appearing therefore:

All deadlines to respond to Plaintiffs' Motion to Consolidate in the above-captioned matters shall be stayed until after the Court decides Plaintiffs' forthcoming motions to remand.

**DONE AND ORDERED** at Chambers in Miami, Florida, this ___ day of _____, 2026.

_____
Jacqueline Becerra
United States District Judge