UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NUMBER: 1:25-cv-26130-JB

Madison Row Marketing, Inc.,

    Plaintiff,

v.

beehiiv, Inc. and Dan Krenitsyn,

    Defendants.

CASE NUMBER: 1:26-cv-20111-JB

Miami Legal Resources, LLC and
Rossdale CLE, Inc.,

    Plaintiffs,

v.

beehiiv, Inc. and Dan Krenitsyn,

    Defendants.

## PLAINTIFFS' JOINT MOTION TO STRIKE IMPERTINENT ASPERSIONS FROM THE RECORD

    Plaintiffs Madison Row Marketing, Inc., Miami Legal Resources, LLC and Rossdale CLE, Inc. in the two above-referenced, related cases, by and through the undersigned counsel, hereby respectfully move this Honorable Court, pursuant to Rule 12 of the Federal Rules of Civil Procedure, to strike impertinent aspersions from the record, in Defendants' Response in Opposition to Plaintiffs' Motion for Enlargement of Time [ECF 9 in *Madison Row Marketing, Inc. v. beehiiv Inc. et al*]; [ECF 10 in *Miami Legal Resources, LLC et al v. beehiiv Inc. et al*].

1

There are two issues before this Court in these two matters: consolidation of the two cases that feature identical questions of law, facts, claims, parties, defenses, and counsel to avoid unnecessary cost or delay; and remand of the cases back to state court because neither case presents a federal question and neither case has diverse parties.

In Defendants' Opposition to Plaintiffs' Joint Motion for Enlargement of Time to File Motion(s) for Remand, Defendants included unnecessary, unfounded, and improper personal attacks against Plaintiffs' counsel, including questioning the "personal events" affecting Plaintiffs' counsel, like the death of a family member of the undersigned counsel and an accident involving another undersigned counsel; alleging that the undersigned made "misrepresentations" to the Court; claiming that the undersigned failed to "follow this District's meet and confer requirements" (despite admitting to numerous phone calls between counsel and over one dozen pages of emails to meet and confer); questioning the honesty of the undersigned; and alleging that the undersigned engaged in "gamesmanship."  Most striking here is the fact that the author of Defendants' filing at issue in the aforementioned Motion has never once spoken, emailed, and/or communicated directly with any of Plaintiffs' counsel in this matter.  For purposes of brevity, it is unnecessary here to belittle every impertinent aspersion against the undersigned counsel, made in Defendants' 21-page motion with exhibits (filed in both cases).  This sort of whistling is beneath the fine decorum of this Honorable Court, as well as the professionalism of federal and state courts across Florida.  It was not by happenstance that the Florida Supreme Court amended the Oath of Admission in 2011 to state in relevant part, "**To opposing parties and their counsel, I pledge fairness, integrity, and civility, not only in court, but also in all written and oral communications; I will abstain from all offensive personality**."  (emphasis supplied).

The undersigned counsel have nearly 100 combined years of litigation & trial experience in Florida's state and federal courts with nearly 400 combined jury trials to verdict and as such they decline the invitation to engage in any action that might serve to perpetuate aspersions of non-parties and instead prefer to focus on the merits presently before this Court.

Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part, that, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid expenditure of time and money that necessarily arises from litigating spurious issues by disposing of those issues prior to trial." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.); *see* 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE§ 1382, at 706-7 (2d ed. 1990)) ("Scandalous' matter is that which improperly casts a derogatory light on someone"); *Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291-92 (D. Del. 1995) ("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded…Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.") (internal citations omitted). While motions to strike are generally disfavored, "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type will be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations." Charles A. Wright *et al*, FEDERAL PRACTICE AND PROCEDURE§ 1382, at at 714; *see Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) (striking allegations that "**reflect adversely on the moral character of an individual who is not a party to this suit. We view these allegations as unnecessary to a decision on the matters in question, and believe that they were improperly pled.**") (emphasis supplied).

## CONCLUSION

Plaintiffs Madison Row Marketing, Inc., Miami Legal Resources, LLC and Rossdale CLE, Inc. in the two above-referenced, related cases respectfully request that the Court strike all impertinent aspersions from the record lodged against Plaintiffs' counsel, filed in Defendants' Response in Opposition to Plaintiffs' Motion for Enlargement of Time.

Respectfully submitted,

Law Offices of Jordan A. Dresnick
901 Brickell Key Blvd.
Suite 2901
Miami, FL 33131
Tel.: 786-220-8785

By: /s/ Jordan A. Dresnick
Jordan A. Dresnick
Florida Bar No. 058529
E-mail: JordanDresnick@gmail.com


By: /s/ Amado Alan Alvarez
AMADO ALAN ALVAREZ
Florida Bar No. 746398
BOARD CERTIFIED CIVIL TRIAL LAWYER
THE ALVAREZ & FRIGER TRIAL LAW FIRM
The Concorde Office Tower
66 West Flagler Street, 12th Floor
Miami, Florida 33130
Tel. (305) ALVAREZ [258-2739]
Fax: 1 (844) ALANFAX [252-6329]

Email: Alan@AlvarezFrigerTLF.com

/s/ Kenneth B. Schurr
Kenneth B. Schurr, Esq.
2030 S. Douglas Road
Suite 105
Coral Gables, FL 33134
Tel.: 305-441-9031

4

Designated Service E-mail:
kbsservice@schurrlaw.com
counselken@schurrlaw.com

Dated: February 5, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on February 5, 2026, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, via transmission of Notice of Electronic Filing generated by CM/ECF.

By: /s/ Kenneth B. Schurr<br>
Kenneth B. Schurr

**Service List**

Nury Siekkinen
nury@zwillgen.com
Zwillgen PLLC
1900 M Street, NW Suite 250
Washington, DC 20036
Tel.: 202-296-3585
Counsel for Defendants beehiiv, Inc. and Dan Krenitsyn

Kelsey Harclerode
kelsey@zwillgen.com
Zwillgen PLLC
1900 M Street, NW Suite 250
Washington, DC 20036
Tel.: 202-296-3585
Counsel for Defendants beehiiv, Inc. and Dan Krenitsyn

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

By: /s/ Jordan A. Dresnick
Jordan A. Dresnick