UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MIAMI LEGAL RESOURCES, LLC AND
ROSSDALE CLE, INC.,

    Plaintiffs,

v.

BEEHIIV INC., a New York corporation; DAN
KRENITSYN,

    Defendants.

Civil Action No. 1:26-cv-20111-JB

/

## DEFENDANT BEEHIIV INC.'S
## OPPOSITION TO MOTION TO CONSOLIDATE

Defendant beehiiv Inc. ("beehiiv") hereby responds to the Motions to Consolidate ("Motion to Consolidate") filed by Plaintiffs Madison Row Marketing, Inc. ("Madison Row"), Miami Legal Resources, LLC ("Miami Legal"), and Rossdale CLE, Inc. ("Rossdale") (collectively, "Plaintiffs") in the above-captioned matters.  In short, the two proceedings should not be consolidated at this juncture because each Plaintiff's use of beehiiv's services is governed by a different agreement with beehiiv that set forth differing obligations—including one agreement that contained an arbitration clause.  Consolidation is further improper because Plaintiffs now apparently seek to amend the complaints if the matters are not remanded, making the pleadings uncertain and consolidation confusing and inefficient at this stage.

**FACTUAL BACKGROUND**

beehiiv is a newsletter creation platform that allows users to send email newsletters. Plaintiffs allege they used beehiiv's services during different time periods, but seek to consolidate the two cases.  Mot. to Consolidate, *Madison Row Marketing, Inc. v. beehiiv, Inc.*,

1

No. 1:25-cv-26130-JB (S.D. Fla. Jan. 22, 2026) ("*Madison Row Action*"), ECF 5, 6 (substantively identical motions); Mot. to Consolidate, *Miami Legal Resources, LLC v. beehiiv, Inc.*, No. 1:26-cv-20111-JB (S.D. Fla. Jan. 22, 2026) ("*Miami Legal/Rossdale Action*"), ECF 7.

On October 26, 2025, Plaintiff Madison Row filed the Madison Row Action as a small claims proceeding in Miami-Dade County Court and sought $99.00 in damages. On November 27, 2025, Plaintiff amended the complaint to suddenly seek $19,744,000 in damages and add an employee of beehiiv, Dan Krenitsyn, as a co-defendant. *See* beehiiv's Notice of Removal Ex. D, *Madison Row Action*, ECF 1-4 ("Madison Row FAC"). The FAC alleged that on or about October 21, 2025, Plaintiff Madison Row opened an account with beehiiv but, two days later, was terminated by beehiiv. *Id.* ¶¶ 19-20; *id.* Ex. E. Beyond using beehiiv's services from October 21 to 23, 2025, Plaintiff Madison Row does not allege it ever used beehiiv's services. *See id.* beehiiv terminated Plaintiff Madison Row for using beehiiv to distribute tens of thousands of commercial spam emails in violation of beehiiv's Terms. *Cf. id.* ¶¶ 22-23.

On December 10, 2025, beehiiv's counsel sent a cease and desist letter to Plaintiffs' counsel and Madison Row, demanding that they immediately cease and desist from using beehiiv's services to send spam.

Four days later, on December 14, Plaintiffs' counsel filed a separate complaint against beehiiv on behalf of Plaintiffs Miami Legal and Rossdale as a small claims proceeding in Miami-Dade County Court. Complaint, *Miami Legal Resources, LLC v. beehiiv, Inc.*, No. 2025191657-SP-24 (Fla. Miami-Dade County Ct. Dec. 14, 2025), Dkt. No. 2. After first purporting to limit damages to $99.00, on December 21, Plaintiffs Miami Legal and Rossdale amended the complaint to seek $104,250,000 in damages and add Mr. Krenitsyn as a defendant. beehiiv's Notice of Removal Ex. B, *Miami Legal/Rossdale Action*, ECF 1-2 ("Miami Legal/Rossdale

2

FAC"). The amended complaint alleged that on or about September 22, 2023, Plaintiffs Miami Legal and Rossdale opened an account with beehiiv and, on December 1, 2023, beehiiv terminated the account. *Id.* ¶¶ 19-20, 26, 45, 47. Beyond using beehiiv's services from September 22 to December 1, 2023, Plaintiffs Miami Legal and Rossdale do not allege they ever used beehiiv's services. *See id.* beehiiv terminated their account for using beehiiv to distribute hundreds of thousands of commercial spam emails in violation of beehiiv's Terms. *Cf. id.* ¶¶ 25-26.

After removing the matters to this District, beehiiv on January 9 filed a Notice of Related and Similar Action pursuant to Local Rule 3.8.[1] beehiiv's Notice of Related and Similar Action, *Miami Legal/Rossdale Action*, ECF 3. beehiiv noted that the two cases involved the same legal claims and subject-matter jurisdiction issues, and thus should be heard by the same Judge. beehiiv never stated, however, that the cases involved identical facts, defenses, evidence, or witnesses. *See* Mot. to Consolidate at 1, 5-6, *Madison Row Action*, ECF 5, 6; Mot. to Consolidate at 1, 5-6, *Miami Legal/Rossdale Action*, ECF 7. On January 22, Plaintiffs filed Motions to Consolidate in the two matters; neither Motion indicated for what purposes Plaintiffs sought to consolidate the cases.

---

[1] Defendant beehiiv removed the Madison Row and Miami Legal/Rossdale Actions with Mr. Krenitsyn's consent, as noted in both Notices of Removal. beehiiv chose to remove both actions, even though neither beehiiv nor Mr. Krenitsyn has been served with the summons or complaint in either matter pursuant to Florida law. See, e.g., beehiiv's Notice of Removal ¶¶ 3-4, *Miami Legal/Rossdale Action*, ECF 1; beehiiv's Notice of Removal ¶¶ 2 & nn.1-3, *Madison Row Action*, ECF 1. Mr. Krenitsyn has not yet appeared in either matter.

## ARGUMENT

I. **The Cases Should Not Be Consolidated Because Plaintiffs Agreed to Different Terms of Use, Including Terms Containing an Arbitration Clause**

The Madison Row and Miami Legal/Rossdale matters should not be consolidated because Plaintiffs are governed by entirely different contractual agreements with beehiiv. Courts in this District have held that even where cases involve the same defendant and counsel, consolidation is unwarranted if the plaintiffs' claims arise from separate contractual relationships and the defendant may assert separate defenses as to each plaintiff. *See, e.g.*, *Nobel v. S. Fla. Stadium, LLC*, No. 24-CV-22751, 2024 WL 4433469, at *4 (S.D. Fla. Oct. 7, 2024) (declining to consolidate cases with overlapping defendants on the basis that not all parties could be subject to arbitration); *Marrero v. FedEx Home Delivery*, No. 10-21855-CIV, 2010 WL 11602098, at *1 (S.D. Fla. Aug. 18, 2010) (declining to consolidate based on the plaintiffs' "separate and distinct" "individual business relationship[s]" with the defendant, among other reasons). Here, Rossdale alleges it used beehiiv in late 2023 and thus agreed to the then-operative Terms of Use. Miami Legal also alleges it used beehiiv in late 2023 (but beehiiv has no record of any account by Miami Legal). Madison Row, however, admits it did not use beehiiv until October 2025, and thus was subject to the Terms of Use operative at that time.

Plaintiff Rossdale alleges that it opened an account with beehiiv on or about September 22, 2023, and beehiiv terminated that account on December 1, 2023. *See* Miami Legal/Rossdale FAC ¶¶ 19-20, 26, 45, 47. When Rossdale CLE created an account with beehiiv, it agreed to beehiiv's Terms of Use dated May 1, 2023 ("2023 Terms"). *See* Smith Decl. Ex. A (beehiiv Terms of Use (dated May 1, 2023)). The 2023 Terms state that beehiiv may require users to submit any disputes arising from the Terms of Use or use of beehiiv to final and binding arbitration. *Id.* at 8. The 2023 Terms additionally state that any cause of action arising out of the

4

Terms or the use of beehiiv must be commenced within one year after the cause of action accrues.  *Id*.  beehiiv is evaluating if it will file a motion to compel arbitration in the Miami Legal/Rossdale Action, after the Court resolves the forthcoming motion to remand that Plaintiffs' counsel represented they will file in that action.  Thus, whether the Court should compel arbitration is a threshold issue in the Miami Legal/Rossdale matter and makes it differently situated from Plaintiff Madison Row.  Even if Plaintiff Rossdale intends to challenge the arbitration clause, resolving disputes over contract formation and arbitrability would require separate, plaintiff-specific analyses.

      Plaintiff Miami Legal similarly alleges that it created an account with beehiiv on the same date as Rossdale, and thus would also be subject to the 2023 Terms, which contain an arbitration clause.  *See* Miami Legal/Rossdale FAC ¶¶ 19-20, 26, 45, 47.  beehiiv notes, however, that it has identified no record of any account associated with the Miami Legal—further differentiating it from Plaintiffs Rossdale and Madison Row.

      Plaintiff Madison Row alleges that it opened an account with beehiiv on or about October 21, 2025, and beehiiv terminated that account by October 23, 2025.  *See* Madison Row FAC ¶¶ 19-23.  When Plaintiff Madison Row created an account with beehiiv, it agreed to beehiiv's Terms of Use dated May 15, 2024 ("2024 Terms").  *See* Smith Decl. Ex. B (beehiiv Terms of Use (dated May 15, 2024)).  In contrast to the 2023 Terms, the 2024 Terms do not contain a mandatory arbitration provision.  *See id*.  Instead, the 2024 Terms require that any dispute or action arising from the Terms or the use of beehiiv "will be instituted exclusively in the federal courts of the United States or the courts of the State of New York, in each case located in the City of New York and County of New York."  *Id.* at 10.  As a result, Plaintiff Madison Row is situated differently from Plaintiffs Rossdale and Miami Legal.  Even if Plaintiff Madison Row anticipates

challenging the venue provision, disputes over two different agreements (the 2023 versus 2024 Terms) and at least two different accounts (accounts created in 2023 versus 2024) will necessarily require individualized determinations that make consolidation improper.

Lastly, Plaintiffs now state that the three entities are "owned and operated by the same organization."  Mot. to Consolidate at 3, *Madison Row Action*, ECF 5, 6; Mot. to Consolidate at 3, *Miami Legal/Rossdale Action*, ECF 7.  Assuming that admission, however, Plaintiffs cannot dispute that they sued as separate legal entities; that Plaintiffs allege they signed up for and used beehiiv's services at distinct times, as between the two matters; and that Plaintiffs apparently seek to amend their complaints if the Court denies their motions for remand, making the operative pleadings uncertain.  *See infra* at 6-8.  All these reasons make consolidation inappropriate at this juncture.

**II.** **Consolidation Is Improper at This Juncture Because Plaintiff Madison Row's Request for Leave to Amend Leaves Doubt Over the Operative Complaint**

Plaintiff Madison Row requested leave to amend its complaint, as an alternative to the Court remanding the case.  Pl.'s Mot. for Remand and Mot. for Leave to Am. Compl., *Madison Row Action*, ECF 10.  beehiiv anticipates Plaintiffs Miami Legal and Rossdale will request the same.  This makes consolidation all the more improper, given that the pleadings are not set, not certain, and the subject of requests to amend by Plaintiff Madison Row (and likely the other two Plaintiffs).  Courts generally decide to consolidate matters when there is no apparent dispute over the operative complaint governing the claims at issue.  *See, e.g.*, *Metrocity Holdings, LLC v. Bank of Am.*, No. 22-22541-CIV, 2022 WL 22830795 (S.D. Fla. Dec. 8, 2022) (deciding consolidation after the plaintiffs filed single complaint to which defendants moved to dismiss); *Doe v. Sch. Bd. of Miami-Dade Cnty.*, No. 18-25430-CIV, 2020 WL 1465739 (S.D. Fla. Mar. 25,

6

2020) (deciding consolidation after the plaintiffs filed single complaint that the defendants answered). The Court should deny the Motion to Consolidate for this reason alone.

### III. Consolidation Would Bestow Limited Efficiencies

Finally, this action involves a small set of three plaintiffs whose claims arise from their use of beehiiv's services to send spam emails. With only two actions pending and three plaintiffs involved, consolidation would yield little to no efficiency benefit at this juncture, at the risk of prejudice to the defendant. Similarly, proceeding separately at this stage would impose no meaningful burden on the Court or the Parties. Consolidation at this stage, however, would risk conflating distinct, threshold issues (such as arbitration) and unnecessarily complicate case management. *See, e.g., Shell v. U.S. Dep't of Hous. & Urb. Dev.*, No. 08-60589-CIV, 2008 WL 2637431, at *1 (S.D. Fla. July 3, 2008) (concluding consolidation was not warranted for two cases that raised "similar issues" but were "premised on differing facts"); *Lexington Lasercomb I.P.A.G. v. GMR Prods., Inc.*, 442 F. Supp. 2d 1277, 1279 (S.D. Fla. 2006) (same, where potential confusion regarding distinct allegations could have occurred).

In the event the Court does not grant a motion to compel arbitration and/or motion to dismiss in both matters, beehiiv does not oppose meeting and conferring at that time with Plaintiffs about potential consolidation for the limited purpose of discovery. However, this Motion to Consolidate should be denied.

### IV. At a Minimum, the Court Must First Assess Its Subject-Matter Jurisdiction Before Ruling on Consolidation

Consolidation at this stage would also be improper because this Court must first resolve Plaintiff Madison Row's Motion to Remand (and Plaintiffs Miami Legal and Rossdale's anticipated Motion to Remand) pursuant to its threshold duty to assess subject-matter

jurisdiction. As beehiiv previously noted,[2] when it comes to a motion to remand "for lack of subject-matter jurisdiction, the federal district court undertakes a threshold inquiry." *Osborn v. Haley*, 549 U.S. 225, 243 (2007). Because jurisdiction is a matter of the court's authority to adjudicate the case, the court must resolve challenges to subject-matter jurisdiction "notwithstanding the presence of other motions pending before the court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (collecting cases). Courts must rule on motions to remand prior to deciding other issues filed by the parties. *See, e.g.*, *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) ("Questions of jurisdiction . . . must be addressed first to ensure that [the court] ha[s] the authority to hear the case."); *Zarrella v. Graduate Grp., Inc.*, No. 12-21976-CIV, 2012 WL 13014710, at *1 (S.D. Fla. Aug. 28, 2012) ("[A] motion to remand for lack of subject matter jurisdiction necessarily precedes a motion to dismiss."). As to consolidation under Rule 42(a) specifically, courts have opined that the issue is not ripe if a party is challenging removal. *See Tall v. Fed. Ins. Co.*, No. 6:20-CV-1125, 2020 WL 6484106, at *7 n.7 (M.D. Fla. Aug. 27, 2020). Moreover, this sequencing would also conserve judicial and party resources, and would not prejudice Plaintiffs. *See* beehiiv's Opp'n to Pls.' Mot. to Stay Remand Deadlines and Mot. to Stay Its Mot. to Consolidate Deadlines at 5-6, *Madison Row Action*, ECF 9, and *Miami Legal/Rossdale Action*, ECF 10.

## CONCLUSION

For the reasons above, beehiiv respectfully requests that Plaintiffs' Motion for Consolidation be denied. In the alternative, should the Court determine that some degree of

---

[2] beehiiv addressed this issue in its Motion to Stay all deadlines related to the Motions to Consolidate. *See* beehiiv's Opp'n to Pls.' Mot. to Stay Remand Deadlines and Mot. to Stay Its Mot. to Consolidate Deadlines, *Madison Row Action*, ECF 9, and *Miami Legal/Rossdale Action*, ECF 10.

consolidation is warranted, beehiiv requests that consolidation be limited to discovery matters only in order to avoid juror confusion and prevent undue prejudice to beehiiv's ability to present distinct defenses at trial.

Dated:  February 5, 2026                    By:  /s/ Kelsey Harclerode
                                                                                                    Kelsey Harclerode (Florida Bar No. 1048280)
Email: Kelsey@zwillgen.com
Nury Siekkinen (Florida Bar No. 1015937)
Email: nury@zwillgen.com

**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

*Attorneys for Defendant
beehiiv Inc.*