## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

CASE NUMBER: 1:26-cv-20111-JB

Miami Legal Resources, LLC and Rossdale
CLE, Inc.,

     Plaintiffs,

v.

beehiiv, Inc. and Dan Krenitsyn,

     Defendants.

_____/

## **PLAINTIFFS' MOTION FOR REMAND, AND IN THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND**

Plaintiffs Miami Legal Resources, LLC (hereinafter "Miami Legal") and Rossdale CLE, Inc. (hereinafter "Rossdale"), by and through the undersigned counsel, hereby respectfully move this Honorable Court to enter an order, pursuant to Section 1447 of Title 28 of the U.S. Code, remanding this case back to the state Circuit Court in and for the 11th Judicial Circuit, Miami-Dade County, Florida, where it was filed last year.

This Court should remand the case because it is undisputed and squarely admitted by all parties that there is an no diversity between the parties, as required under 28 U.S. Code § 1332. Furthermore, there is no substantial or significant federal question or federal causes of action in the removed complaint, as required under 28 U.S. Code § 1331.  Defendants cannot meet the heavy burden imposed on Defendants, as the parties seeking removal, to show either federal question or diversity because neither exist.

As detailed below, the United States District Court is a court of limited jurisdiction.

1

Defendant Dan Krenitsyn ("Krenitsyn") is undisputedly a citizen of the State of Florida, and even swears in his affidavit to living and working at material times relevant to this action in the State of Florida, specifically in the Southern District of Florida.   Moreover, Krenitsyn's affidavit selectively fails to inform this Court that he has been employed full-time with Defendant beehiiv at **all** times relevant to this action.   In fact, Krenitsyn admits to being employed in the very position alleged in the removed complaint during the statute of limitations at issue here. Defendants' Notice of Removal fails to meet the high burden imposed on Defendants, as the removing parties, by the 11th Circuit Court of Appeals, for this Court to exercise jurisdiction over this state court matter. *See*, *e.g.*, Fowler *v. Safeco Ins. Co. of America* , 915 F.2d 616, 617 (11th Cir. 1990); *Stillwell v. Allstate Ins. Co*., 663 F.3d 1329, 1332 (11th Cir. 2011).   In support, Plaintiff states as follows:

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case, at its core, is about two Florida entities suing a fellow Floridian and a corporate entity for undisputedly engaging in unfair and deceptive trade practices, all *per se* violations of Florida law.  Am. Compl. ¶¶ 6 – 12.  There is **no** cause of action in the removed complaint before this Court under **any** federal law and there is **no substantial or significant federal question** in this case.  *Id.*  As all of the parties readily admit, there is no diversity between Plaintiff and Defendants.  *Id.* at ¶¶ 1-4.  Defendants, including the named co-defendant who admittedly lives and works in West Palm Beach, Florida, operate one of the largest email marketing entities in the world.  *Id.* at ¶¶ 8-18.  Defendants wholesale failed to abide by Florida law, which simply required Defendants to include a functional unsubscribe link in the tens of billions of emails that Defendants admittedly send out yearly.  *Id.* at 28-35.  Defendants are also required under Florida law to provide Plaintiffs with the list of those who unsubscribed to Plaintiffs' email marketing

campaign so Plaintiffs can adhere to Florida law by discontinuing to email recipients who unsubscribed; Defendants admit to violating this latter law by failing to provide Plaintiffs with the requisite unsubscribe data. *Id.* at ¶¶ 58-63.

Plaintiffs Miami Legal and Rossdale offer legal training courses for lawyers, judges, law students, legal professionals, law firms, and law related entities. *Id*. at ¶ 7. Between September to December 2023, Plaintiffs created an account with Defendant beehiiv, Inc. (hereinafter "beehiiv") for beehiiv to distribute Plaintiffs' newsletters to approx. 417,000 of Plaintiffs' recipients. *Id.* at ¶¶ 19-27. Plaintiffs repeatedly asked beehiiv and Florida Defendant Krenitsyn to provide Plaintiffs with the unsubscribe data so Plaintiffs can adhere to legal requirements under Florida State law to honor the unsubscribe requests. *Id.* at ¶¶ 32-37, 41, 59 -63, and 73. Defendants have failed to provide Plaintiffs with Plaintiffs' data and even ignored Plaintiffs' reasonable and lawful requests. *Id*.

Defendant Krenitsyn admits in his affidavit in support of removal to this Court that he was, and currently is, domiciled with the intent to remain in the State of Florida, specifically in West Palm Beach, Florida. Decl. of Dan Krenitsyn in Support of beehiiv's Removal, at ¶ 3. Krenitsyn is a citizen of Florida for purposes of diversity jurisdiction in this matter. *Id*.

Defendant Krenitsyn further admits under oath that he has served as the Chief of Staff for beehiiv during material times relevant to this matter. *Id.* at 2, 5. Defendants' Notice of Removal even authenticates Krenitsyn's LinkedIn page, confirming that Krenitsyn is based in Florida and has been employed with Defendant beehiiv at all times relevant to this matter. *See* Defendants' Notice of Removal at ¶28 (admitting Krenitsyn's "LinkedIn profile indicates a Miami, Florida location"). In fact, since this case began, Florida Defendant Krenitsyn's LinkedIn page shows that Krenitsyn was promoted from Chief of Staff to Chief Operating Officer. Dan Krenitsyn

LinkedIn Profile, available at: https://www.linkedin.com/in/danielkrenitsyn/ (last accessed: Feb. 9, 2026). Krenitsyn's own authenticated and admitted "LinkedIn" profile stated that Krenitsyn has been employed "Full-time" for Defendant beehiiv for "5 yrs and 2 mos" or five years and two months, which include all times relevant to this action before this Court. *Id.* A true and correct copy of Florida Defendant Krenitsyn's LinkedIn page, as of February 9, 2026, is attached hereto as **Exhibit A.** Ironically, Defendant Krenitsyn's said LinkedIn page details his job description for beehiiv as "Finding the right balance between solving problems and **creating them**." (emphasis supplied).

As detailed in the Amended Complaint removed from the 11th Judicial Circuit Court in and for Miami-Dade County, Florida, Defendant Krenitsyn properly finds himself as a defendant in this matter precisely because he did **not** find the right balance in solving problem and "creating them." In fact, in a very troubling manner, Krenitsyn has sworn in his affidavit in support of removal to this Court that he has **no** regard for "ensuring that beehiiv acts in accordance with legal requirements, including those related to email marketing and unsubscribe tracking." *Id.* at ¶8 (Declaration of Defendant Krenitsyn in Support of Defendant beehiiv, Inc.'s Notice of Removal). Defendant Krenitsyn's own affidavit to this Court admits under oath that he has failed to adhere to Florida law – these are the very allegations of Plaintiffs' Amended Complaint that was properly filed last year in state court in and for Miami-Dade County, Florida. *Id.*

As described below, this admission alone confirms that Defendants cannot possibly meet the high burden imposed by the 11th Circuit Court of Appeals on Defendants as the party moving for removal to show improper or fraudulent joinder of Defendant Krenitsyn. *See, e.g., Fowler*, 915 F.2d at 617; *Stillwell*, 663 F.3d at 1332. It is not as though Plaintiffs brought in a random intern, receptionist or security guard in some unproper manner. Declaration of Defendant

4

Krenitsyn in Support of Defendant beehiiv, Inc.'s Notice of Removal at ¶5.  In fact, Defendant Krenitsyn's admission of not adhering to FDUPTA would almost certainly compel the state court to enter summary judgment against Krenitsyn.  Defendant Krenitsyn was and is properly included in this action because Defendant Krenitsyn is, as Plaintiffs allege, liable for the damages that he admittedly caused.

The Amended Complaint filed in the state court for Miami-Dade, Florida describes in detail how Defendants ignored and violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") by (1) failing to include working unsubscribe links in emails that Defendants were paid to distribute to Plaintiffs' 417,000 recipients and (2) repeatedly failing to provide Plaintiffs with the unsubscribe data requested numerous times by Plaintiff.  Am. Compl. ¶¶ 8-33. Counsel for Defendants in this matter have admitted in communications with the undersigned counsel that Defendants do not adhere to FDUTPA because Defendants openly brag that they do not need to adhere to the most basic of consumer protection laws designed to protect Floridians from Defendants' very misconduct giving rise to this suit – which is simply to include a working unsubscribe link in commercial emails.

After Plaintiffs opened an account with Defendants and paid Defendants to send out the newsletter at issue here, Defendants decided to shut down Plaintiffs' account.  Am. Compl. ¶¶ 30-42.  In direct violation of Florida law, Defendants thereafter failed to preserve the unsubscribe data from the newsletter that Defendants were paid to distribute to Plaintiffs' 417,000 recipients. *Id*.  Additionally, Defendants' actions in shutting down Plaintiffs' account also resulted in deactivating all of the unsubscribe links in the newsletter sent by Defendants to Plaintiffs' 417,000 recipients.  Am. Compl. ¶¶ 28-35.  These two actions by Defendants are detailed in the Amended Complaint filed in state court and confirm that Defendants are strictly liable for the negligent

design of Defendants' system and the *per se* violations of Florida law – with each violation providing a statutorily defined damage amount.  Am. Compl. ¶ 38

This case initially involved a claim for less than $8,000 and was therefore filed in the Small Claims Division of the 11th Judicial Circuit in and for Miami-Dade County, Florida.  Compl. ¶ 4. Because the matter was *then* properly filed as a Florida Small Claims case, the Florida Small Claims Rules applied and were followed by Plaintiffs.  In particular, Defendant beehiiv not only admittedly employs its Chief of Staff, who lives and works full time out of a West Palm Beach location, but the volume of business conducted by Defendant beehiiv in Florida qualifies beehiiv as "operating, conducting, engaging in, or carrying on a business or business venture in the state" of Florida.  Fla. Stat. 48.193; Compl. ¶ 5; Am. Compl. ¶ 5.  Furthermore, irrespective of whether Defendant beehiiv was or was not engaged in business in the State of Florida, it is undisputed that Defendant beehiiv was not (and still is not) registered to do business in Florida through the Florida Secretary of State.  Therefore, Plaintiff properly and timely availed itself of substituted service through the Florida Secretary of State, pursuant to Fla. Stat. 48.161, to serve Defendant beehiiv. After the Florida Secretary of State accepted service, Plaintiff's counsel mailed a courtesy letter to Defendant beehiiv by registered United States Postal Service to further provide notice.

Once the case was transferred to Circuit Court, Plaintiff timely and properly obtained a summons for Defendant Krenitsyn.  After said summons was issued, the undersigned counsel retained a process server to serve Krenitsyn, and then Defendants removed to federal court.  In the time since this matter has been removed to federal court, the Florida Secretary of State has also accepted substituted service of process on Defendant Krenitsyn.  Afterall, Defendant Krenitsyn affirms to this Court that he lives and works in West Palm Beach, Florida, while admittedly representing on LinkedIn that he is based in Miami, Florida, and simultaneously uses

a warehouse address in West Miami, Florida in other listings.

Both Defendants have been served and both Defendants have counsel who have filed appearances for each of the two defendants in this matter.

In sum, this case was properly filed in Florida state court, as it unquestionably involves a Miami, Florida based Plaintiff and at least one Florida Defendant. Therefore, there is no diversity between the parties. Whether Defendant Krenitsyn lives and works in Miami, Florida (as admittedly indicated on his LinkedIn page) or in West Palm Beach, Florida (as Krenitsyn has sworn in his affidavit to this Court) is of no material difference; Krenitsyn is openly and admittedly domiciled in the State of Florida for purposes of diversity jurisdiction. Defendant beehiiv was properly served and noticed; in fact, beehiiv had knowledge of the case because it retained counsel for this matter. And Plaintiff Madison Row had already filed for, and obtained, a summons for Defendant Krenitsyn, and retained a process server before this case was removed.

## MEMORANDUM OF LAW

I.   **There is a Strong Presumption Against Removal and the Defendants Bear a "Not Insignificant" Burden to Overcome in Removing a State Court Case**

It is well-settled that a federal court cannot reach the merits of any dispute until it confirms that it retains jurisdiction. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 95 (1998). Thus, federal courts are under a continuing duty to confirm their jurisdictional power. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274. The United States Supreme Court has long held that there is a strong presumption against removal jurisdiction both because federal courts are courts of limited jurisdiction and due to federalism concerns. *See*, *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (holding that presumption against jurisdiction exists because federal courts are courts of limited jurisdiction); *Shamrock Oil & Gas*

*Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (indicating that federalism concerns and Congressional intent mandate strict construction of removal statutes).   The Supreme Court has even used the greatest of language to express that a state court case – like the one presently before this Court – "intrinsically belongs to the state courts" in order to keep federal courts free for actual federal matters. *City of Indianapolis v. Chase National Bank* , 314 U.S. 63, 76 (1941).

Any doubts about federal jurisdiction must be construed in favor of remanding the action to the state court. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) (removal jurisdiction is construed narrowly; any doubts regarding federal jurisdiction must be resolved in favor of remanding the state court case back to the state court); *Kam Hon, Inc. v. Cigna Fire Underwriters Ins. Co.* , 933 F. Supp. 1060, 1063 (M.D. Fla. 1996) ("The right to remove a case from a state to a federal court is purely statutory and is entirely dependent on the will of Congress.").

"Flowing naturally from the judicial favoritism shown remand, which in turn stems from deeply embedded principles of federalism, is the idea that a defendant seeking removal bears a not insignificant burden." *Klempner v. Northwestern Mutual Life Ins. Co.*, 2001 WL 1844227 (S.D. Fla. Dec. 17, 2001). This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992); *see also Fowler*, 915 F.2d at 617 (11th Cir. 1990).

Defendants here bear the heavy burden of establishing the jurisdiction of this Court to act. "The burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co*., 168 F.3d 405, 411–12 (11th Cir. 1999); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction.") (citing *Williams v. Best Buy Co*., 269 F.3d 1316,

1318 (11th Cir. 2001).  "The propriety of removal thus depends on whether the case originally

could have been filed in federal court." *Chicago v. International College of Surgeons,* 522 U.S.

156, 163 (1997).

II.     **There is No Diversity between the Parties Required under 28 U.S. Code §
        1332**

It has long been black-letter law that "Federal courts are courts of limited jurisdiction. They

are empowered to hear only those cases within the judicial power of the United States as defined

by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant

authorized by Congress." *University of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409

(11th Cir. 1999)(internal quotations omitted).  "The jurisdiction of a court over the subject matter

of a claim involves the court's competency to consider a given type of case and cannot be waived

or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co*.,

678 F.2d 992, 1000 (11th Cir. 1982).

Defendants' only argument for this Court's jurisdiction in the instant matter rests on asking

this Court to ignore the openly admitted fact that Defendant Dan Krenitsyn has lived, worked,

and been domiciled with the intent to remain in West Palm Beach, Florida at all times relevant

to this matter.  Decl. of Dan Krenitsyn in Support of beehiiv's Removal, at ¶ 5.  Moreover,

Krenitsyn has been employed at all times relevant to this matter by Defendant beehiiv and

admittedly held the very position alleged in the removed complaint during the relevant time

period to this action.    *Id.*; *see also* Dan Krenitsyn  LinkedIn Profile, available at:

https://www.linkedin.com/in/danielkrenitsyn/ (last accessed: Feb. 9, 2026).  Defendant Dan

Krenitsyn is admittedly a citizen of Florida for purposes of diversity jurisdiction.  *Id.*  Defendants

concede – as they must – that there is **no** diversity between the parties.  The Supreme Court has

held that "Congress has established the basic rule that diversity jurisdiction exists under 28

U.S.C. § 1332 only when there is complete diversity of citizenship." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978).

Without diversity jurisdiction, this Honorable Court simply lacks jurisdiction to handle this state court case. "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *University of So. Ala.*, 168 F.3d at 410;  *Wisconsin Department of Corrections v. Schacht* , 524 U.S. 381, 388 (1998) ("[a] defendant cannot remove a case that contains some claims against 'diverse' defendants as long as there is one claim brought against a 'nondiverse' defendant."); *City of Indianapolis v. Chase National Bank* , 314 U.S. 63, 69 (1941); *Bel-Bel International Corp. v. Community Bank of Homestead* , 162 F.3d 1101 (11th Cir. 1998) (diversity jurisdiction requires that the plaintiff be a citizen of a different state (or nation) from that of any of the defendants).

Lack of subject matter jurisdiction requires remand to the state court under 28 U.S.C. § 1447(c); see also Fed. R. Civ. P. 12 (h)(3). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

As a result, Plaintiffs timely and properly file this Motion to Remand.  "A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage of the proceeding." *Id.* at 410 (11th Cir.1999); *see also Kirkland v. Midland Mortgage Co.,* 243 F.3d 1277, 1279-80 (11th Cir. 2001).

III.     **This Court Must View the Papers in the Light Most Favorable to Plaintiff at Time of Removal and Not Allow Defendants to Use Removal to Falsely Add Non-Existent Federal Questions into this Matter**

It is black-letter law that "the plaintiff is the master of the complaint[.]" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987).   Defendants have wrongly attempted to utilize the removal to rewrite Plaintiff's complaint.

 First, Defendants argue that the allegations in the amended complaint are "inaccurate" and insincere."  This is troubling considering that (1) Defendants have already admitted to the bulk of the Amended Complaint's allegations in communications from Defendants' counsel to the undersigned and in the Decl. of Dan Krenitsyn in Support of beehiiv's Removal and (2) the 11th Circuit has long held that this Court must look to the facts alleged in the state court complaint at the time of removal.  *Williams v. Best Buy Co*., 269 F.3d 1316, 1319 (11th Cir. 2001).  "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal." *Pacheco de Perez v. AT&T Co*., 139 F.3d 1368, 1380 (11th Cir. 1998) (internal citations omitted).

Second, Defendants' Notice of Removal attempts to give Defendants *carte blanche* to rewrite the Amended Complaint from simple, straightforward state causes of action under Florida law for FDUPTA and negligence into complicated, significant federal questions.   The United State Supreme Court has already struck down the flawed argument: "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant…The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392 (citing *Gully v. First National Bank,* 299 U. S. 109, 299 U. S. 112-113 (1936)). The Supreme Court's express language is directly on point here, "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state

law." *Caterpillar Inc.*, 482 U.S. at 392.  Contrary to Defendants' Notice of Removal, a clear reading of the removed Amended Complaint confirms that there is **no** cause of action before this Court under **any** federal law and there is **no substantial or significant federal question** in this state court case.

IV.     **Defendants Cannot Meet the Exceedingly High Burden Required by the 11th Circuit under Improper or Fraudulent Joinder**

"When a case is removed based on diversity jurisdiction…the case must be remanded to state court if there is not complete diversity between the parties." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).  Defendants' only means to artificially create diversity jurisdiction in the instant case is "to have its cake and eat it too" while simultaneously ignoring the heavy burden mandated by the 11th Circuit Court of Appeals.  *See id.*

The 11th Circuit has held that the party seeking removal must bear the significant burden of showing fraudulent joinder.  *See id.*  Defendants' argument to this Court to support removal can be summed up in one sentence: this Court should exercise diversity jurisdiction here because Florida Defendant Krenitsyn was fraudulently joined, even when he admits under oath in his affidavit in support of removal that he failed to adhere to FDUPTA in this case at material times relevant to this action, with respect to Plaintiffs.  Yet, ironically, if Defendant Krenitsyn admittedly failed to follow FDUPTA at material times relevant to this action, then he is undisputedly liable for the very allegations filed by Plaintiffs in the state court case now removed to this U.S. District Court.  Krenitsyn cannot possibly be fraudulently joined because Defendants have admitted under oath that Plaintiffs' allegations in the Amended Complaint are correct.

"To establish fraudulent joinder, the removing party has the burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts

to bring the resident defendant into state court." *Id*. at 1332. "This burden is a heavy one," *id*., because "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Coker v. Amoco Oil Co*., 709 F.2d 1433, 1440–41 (11th Cir. 1983)); *see also Henderson*, 454 F.3d at 1284 ("Henderson's patchy allegations may ultimately prove insufficient, but we are unable to say there is no possibility she has asserted a colorable claim."). "All doubts about the propriety of removal should be resolved in favor of remand." *King v. Gov't Emps. Ins. Co*., 579 F. App'x 796, 800 (11th Cir. 2014); *Univ of S. Ala.*, 168 F.3d at 411 ("[A]ll doubts about jurisdiction should be resolved in favor of remand.").

The standard for evaluating whether a plaintiff can establish a cause of action against a resident defendant is very lenient: "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Stillwell,* 663 F.3d at 1333 (quotation omitted). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id*. (quotation omitted).

"[W]e must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." *Id.*  at 1334.  In Florida, a Plaintiff need only provide a "short and plain statement of the ultimate facts" under Rule 1.110 of the Florida Rules of Civil Procedure.

In Florida, "the law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment." *White v. Wal-Mart Stores, Inc*., 918 So. 2d 357, 358

(Fla. 1st DCA 2005); *see also Navarro v. Borges*, 388 So. 3d 1044, 1047 (Fla. 3rd DCA 2024); *Cannon v. Fournier*, 57 So. 3d 875, 881–82 (Fla. 2nd DCA 2011).

As the Amended Complaint makes clear, Plaintiffs here have provided more than a "short and plain statement of the ultimate facts" detailing the manner in which Defendants violated Florida state law by (1) failing to track unsubscribe data, (2) failing to enable Plaintiff's recipients to unsubscribe, and (3) failing to make the unsubscribe data available to Plaintiff, and (4) through Defendants' negligence in designing and/or using a website for non-tech business executives that fails to ensure unsubscribe data is deleted.  Am. Compl. ¶¶ 8-37.  The Amended Complaint removed from state court more than provides a "short and plain statement of the ultimate facts," specifically against Defendant Krenitsyn, spelling out the specific manners in which Krenitsyn personally has violated FDUPTA; personally failed to abide by Florida law; personally failed to make Plaintiff's unsubscribe data available to Plaintiff, and was personally negligent in his misconduct with Plaintiff.  Am. Compl. ¶¶ 8-33, 56-73.  These are not technical or vicarious faults through Krenitsyn's mere employment by Defendant beehiiv, but alleged in detail in the Amended Complaint to be personal faults by Krenitsyn.  Moreover, the removed complaint also makes the best use of concise space by incorporating the previously mentioned allegations rather than copying and pasting repeats into what is already a 90-paragraph, 29-page complaint. Finally, the Amended Complaint also describes the manner in which Defendant Krenitsyn is jointly and severally liable on a personal basis for the allegations detailed in this action.  Am. Compl. ¶¶ 4, 18, 35-36, 59, 61-63, 73, 80, and 84. Contrary to Defendants' argument in the Notice of Removal to this Court, Krenitsyn was not some after-thought added in name only to the style of the case.  Krenitsyn is specifically alleged in detail in the removed Amended Complaint before this Court numerous times for his **specific** role as a Defendant here. *Id*. And

as the 11th Circuit has already held in a binding decision, directly on point, "**federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law**." *Stillwell,* 663 F.3d at 1333 (emphasis supplied).  Defendants have failed to meet the heavy burden imposed on Defendants, as the parties seeking removal, to overcome the lack of diversity between the parties in this matter.

The Amended Complaint sufficiently alleges that Krenitsyn personally owed a duty to Plaintiff and that Florida Defendant Krenitsyn breached that duty.  Here, Defendants admit – as the undisputed facts require – that Krenitsyn has held a managerial role as Chief of Staff (later promoted to Chief Operating Officer) during material times relevant to this action and certainly during the statute of limitations provided under FDUPTA.  Decl. of Dan Krenitsyn in Support of beehiiv's Removal, at ¶ 5; *see also* Dan Krenitsyn LinkedIn Profile, available at: https://www.linkedin.com/in/danielkrenitsyn/ (last accessed: Feb. 9, 2026).  Moreover, Defendant Krenitsyn's own authenticated LinkedIn profile admits that Krenitsyn has been employed "Full-time" for Defendant beehiiv for "5 yrs and 2 mos" or five years and two months, which include **all** times relevant to this action.  *Id.  Id.*; Exhibit A.

Defendants attempt to argue that Krenitsyn *may* not have been Chief of Staff on the day that Plaintiffs opened the account.  First, this argument is simply an irrelevant, red herring.  Second, it is important to note that Krenitsyn's 7-paragraph affidavit is conclusory in attempting to distance himself from culpability in this matter.  There is no dispute that Plaintiffs have attempted repeatedly to simply obtain their unsubscribe data from Defendants, including during the period going into the second year that Krenitsyn has been Chief of Staff and/or Chief Operating Officer.  *Id*.; Exhibit A; Am. Compl. ¶ 36 ("Defendant Krenitsyn failed to adhere to the Florida Unfair and Deceptive Trade Practices Act by failing to provide Plaintiffs with the

unsubscribe data requested by Plaintiffs numerous times from the Defendant company for which Defendant Krenitsyn presently serves as Chief of Staff.").

A duty thus arises because Defendant Krenitsyn was "actively negligent." *White*, 918 So. 2d at 358. The 11th Circuit has held that "we are unable to say"—at this early stage of the case immediately following removal — that "there is no possibility she [Plaintiff] has asserted a colorable claim." *Henderson*, 454 F.3d at 1284. "In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez*, 139 F.3d at 1380. As Defendants admit in their Notice of Removal, the allegations against Florida Defendant Krenitsyn personally more than meet the Florida state pleading requirement.

"Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Tillman*, 253 F.3d at 1305.

A number of recent cases from the Southern District of Florida provide almost identical fact patterns to the instant matter presently before this Court: defendants who removed under diversity jurisdiction by citing fraudulent joinder just to see the cases remanded to state court. In one example, *Krobatsch v. Target Corporation*, 2020 WL 6475175 (S.D. Fla., Oct. 30, 2020), a plaintiff who suffered from a slip and fall brought suit against Target and a store manager. Just

as with Defendant beehiiv in this matter, Target in the *Krobatsch* matter argued that Target submitted a sworn affidavit, in which the store manager attested that he didn't know about the transitory substance on the floor. *Id.* ("Of course, [the store manager's] Affidavit is pellucid (and unrebutted) that he didn't see the spill, he wasn't told about the spill, he didn't overhear anyone mention a spill, and he was totally unaware of the spill until he was called to the front to attend to the Plaintiff.").  The Southern District of Florida remanded the case back to state court based on the possibility that the store manager, a Floridian, *might* be liable to Plaintiff.  *Id*.

In another factually similar matter in this District, *Angel v. Target Corporation et al*, Case No. 20-62701-CIV-ALTMAN (S.D. Fla.  April 12, 2021), the Court remanded the case where Plaintiff did not even know the Florida store manager's name to include it in the style of the case. And yet again, an affidavit of the store manager disavowing any knowledge of the case made no difference.  *Id.*  The Court there found that "The doctrine of fraudulent joinder, after all, turns on the viability of the plaintiff's claim against the store manager."  *Id*.  Therefore, even when the Plaintiff did not know the name of the manager, the mere allegations against the *Doe* defendant were sufficient to warrant a remand.  *Id*.

In another federal case from Florida within the last year, a plaintiff sustained damages from a slip and fall in a Wal-mart and brought suit against Wal-mart and the store manager.  *Smothers v. Wal-mart Stores, East, LP and Joshua Eldridge*, Case No: 2:24-cv-1067-JES-KCD (M.D. Fla. 2025).  There, defendant also argued that defendant was fraudulent joined because his actions were merely those of an employee of Wal-Mart; however, in *Smothers*, like the case before this Court, the allegations in the removed complaint made clear that the manager (or Chief of Staff in the instant case) was responsible for executing policies and adhering to the law.  *Id*. Almost directly on point, the *Smothers* Court found that:

The Declaration of Joshua Eldridge does not establish fraudulent joinder. The Declaration states that Eldridge had no role in drafting or creating the policies and procedures on store safety, no personal knowledge of the incident, that he was not in the department where the incident occurred, and the daily tasks of inspecting and cleaning are not performed by the store manager. Even if the Declaration creates a factual dispute as to personal liability, it does not establish that there is no possibility that a state court could find the Complaint states a cause of action or that plaintiff could establish a cause of action against Eldridge. Therefore, fraudulent joinder has not been established, Eldridge's Florida citizenship must be considered, and complete diversity jurisdiction was lacking at the time of removal to federal court. The case will be remanded to state court.
*Id*.

"Allegations that a manager was 'directly responsible for carrying out certain responsibilities; that he negligently failed to do so; and that, as a result, the plaintiff was injured,' are sufficient." *Valencia v. Wal-Mart Stores, Inc*., No. 23-CV-20862, 2023 WL 3172532, at *2 (S.D. Fla. May 1, 2023) (quoting White at 358).  In the instant action before this Court, there exists considerable possibility that Defendant Krenitsyn *might* be liable to the Plaintiff for the damages incurred by Plaintiff detailed in the Amended Complaint.  This Honorable Court must remand this case to state court, where the case was properly filed.

In sum, this Court should remand the case back to state court because neither diversity of the parties or federal question exists here.  "Finally, when we evaluate whether the particular factual circumstances of a case give rise to removal jurisdiction, we strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."  *Scimone v. Carnival Corp*., 720 F.3d 876, 882 (11th Cir. 2013) (internal quotations omitted) (quoting *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir.2001) ("Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.").

## IN THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND

For the numerous factual, legal, and procedural reasons detailed here, this Honorable Court should remand this matter back to the state court. Defendants have improperly attempted to use removal to rewrite Plaintiffs' Complaint giving rise to this matter by attempting to add non-existent federal causes of action, non-existent federal questions, and even the allegations against Defendant Krenitsyn. It is well settled law that a leave to amend should be liberally granted. Fed. R. Civ. P. 15(2) ("The court should freely give leave when justice so requires."). To the extent that there remains any question of the sufficiency of the allegations against Defendant Krenitsyn in this matter, Plaintiffs respectfully request leave to amend the complaint.

**WHEREFORE,** Plaintiffs Miami Legal Resources, LLC and Rossdale CLE, Inc. respectfully request that this Court remand this matter to the 11th Judicial Circuit in and for Miami-Dade County Florida due to the lack of federal question under 28 U.S. Code § 1331 and lack of diversity jurisdiction between the parties required under 28 U.S. Code § 1332.

Respectfully submitted,

By: /s/ Amado Alan Alvarez
AMADO ALAN ALVAREZ
Florida Bar No. 746398
BOARD CERTIFIED CIVIL TRIAL
LAWYER
THE ALVAREZ & FRIGER TRIAL
LAW FIRM
The Concorde Office Tower
66 West Flagler Street, 12th Floor
Miami, Florida 33130
Tel. (305) ALVAREZ [258-2739]
Fax: 1 (844) ALANFAX [252-6329]
Email: Alan@AlvarezFrigerTLF.com

By: /s/ Kenneth B. Schurr
Kenneth B. Schurr

19

2030 S. Douglas Road
Suite 105
Coral Gables, FL 33134
Tel.: 305-441-9031
Designated Service E-mail:
kbsservice@schurrlaw.com
counselken@schurrlaw.com

Law Offices of Jordan A. Dresnick
901 Brickell Key Blvd.
Miami, FL 33146
Tel.: 786-220-8785

By: /s/ Jordan A. Dresnick
Jordan A. Dresnick
Florida Bar No. 058529
E-mail: JordanDresnick@gmail.com

Dated: February 9, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on February 9, 2026, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, via transmission of Notice of Electronic Filing generated by CM/ECF.

By: /s/ Kenneth B. Schurr
Kenneth B. Schurr
Florida Bar No. 876100

**Service List**

Nury Siekkinen
nury@zwillgen.com
Zwillgen PLLC
1900 M Street, NW Suite 250
Washington, DC 20036
Tel.: 202-296-3585
Counsel for Defendants beehiiv, Inc. and Dan Krenitsyn

Kelsey Harclerode
kelsey@zwillgen.com
Zwillgen PLLC
1900 M Street, NW Suite 250
Washington, DC 20036
Tel.: 202-296-3585
Counsel for Defendants beehiiv, Inc. and Dan Krenitsyn

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has

conferred with all parties or non-parties who may be affected by the relief sought in this motion

in a good faith effort to resolve the issues but has been unable to resolve the issues.

By: /s/ Jordan A. Dresnick
Jordan A. Dresnick
Florida Bar No. 058529

**<u>EXHIBIT A</u>**

