UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER: 1:25-cv-26130-JB/TORRES

Madison Row Marketing, Inc.,

    Plaintiff,

v.

beehiiv, Inc. and Dan Krenitsyn,

    Defendants.

CASE NUMBER: 1:26-cv-20111-JB/TORRES

Miami Legal Resources, LLC and
Rossdale CLE, Inc.,

    Plaintiffs,

v.

beehiiv, Inc. and Dan Krenitsyn,

    Defendants.

**PLAINTIFFS' JOINT REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' JOINT MOTION TO CONSOLIDATE**

    Plaintiffs Madison Row Marketing, Inc., Miami Legal Resources, LLC and Rossdale CLE, Inc., by and through the undersigned counsel, hereby reply jointly to Defendants' separately filed (yet nearly identical) Oppositions to Plaintiffs' Joint Motion to Consolidate [ECF 12 in *Miami Legal Resources et al v. beehiiv et al* and ECF 14 in *Madison Row Marketing v. beehiiv et al*].

    Plaintiffs intentionally file a short reply here so as not to ask this Court to comb through the 62 combined pages that Defendants have amassed in objecting to the consolidation of two identical cases. For ease and brevity, Plaintiffs will not repeat what was included in Plaintiffs'

1

Joint Motion to Consolidate, except to underscore that the two state court complaints removed by Defendants here feature nearly identical legal issues, claims, defenses, parties, facts, witnesses, and even counsel.  There is no diversity between the parties in either matter and no substantive or significant federal question in either case.

Defendants are exactly where Defendants wanted to be: before the same District Judge hearing both cases.  In fact, it was Defendants who asked a different Judge in the Southern District to transfer the *Miami Legal Resources et al v. beehiiv et al.* matter to this Court because of the admitted overlapping, related issues in the two cases.  It is perplexing why Defendants would now challenge consolidation, all while requiring this Court to expend considerable judicial recourses and Plaintiffs to incur substantial fees, when both cases are nearly identical.  Plaintiffs' Joint Motion to Consolidate reviews in detail numerous court orders and the very words of the Fed. R. Civ. P. that encourage consolidation.

Rather, Plaintiffs file this brief reply to challenge Defendants using an Opposition to a straight-forward Motion to Consolidate as a backdoor to file a Motion to Compel Arbitration.  It is procedurally and substantively improper.  Indeed, Defendants' entire basis to oppose Plaintiffs' Joint Motion to Consolidate appears to focus on Defendants' newly raised argument that one set of plaintiffs allegedly agreed to an arbitration provision.

First, arbitration cannot be forced upon parties and there must be evidence of an agreement by all of the parties to arbitrate.  *See*, *e.g., Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684, 697 (2010) (holding that "arbitration is a matter of consent" and "the basic precept that arbitration is a matter of consent") (internal quotations omitted); *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989) (arbitration is "a matter of consent, not coercion, and the parties are generally free to structure their arbitration

agreements as they see fit. Just as they may limit by contract the issues which they will arbitrate, so too may they specify by contract the rules under which the arbitration will be conducted.") (internal citations omitted); *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 301 (2010) (directing courts to "apply [] the presumption of arbitrability only" to "a validly formed and enforceable arbitration agreement"); *Dasher v. RBC Bank USA RBC*, 882 F.3d 1017, 1019 (11th Cir. 2018) ("Arbitration, after all, is simply a matter of contract such that parties cannot be required to arbitrate a matter unless they have agreed to arbitration."); *Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.*, 272 F. App'x 782, 785 (11th Cir. 2008) ("[P]arties cannot be forced to submit to arbitration if they have not agreed to do so.").

Second, Defendants' Opposition to Plaintiffs' Joint Motion to Consolidate fails to advise this Court that Defendants were alerted last month to the fact that the purported Terms and Conditions being introduced as agreed to by the parties were never agreed to by any of the Plaintiffs. Plaintiffs jointly deny ever agreeing to any arbitration provision in any agreement and jointly seek leave of this Court, at the appropriate time, to fully brief and counter Defendants' newly raised claim of arbitration with proper factual and legal support.

Finally, Defendants cite several cases for the purported proposition that this Court must first decide remand before consolidation; yet a review of the cited cases confirm that none stand for the proposition cited by Defendants.  Defendants represent that "[a]s to consolidation under Rule 42(a) specifically, courts have opined that the issue is not ripe if a party is challenging removal" and cite *Tall v. Fed. Ins. Co.*, No. 6:20-CV-1125, 2020 WL 6484106, at *7 n.7 (M.D. Fla. Aug. 27, 2020). Yet, the footnote in *Fed Ins. Co.* case only finds that consolidation not to be appropriate where a defendant attempts to consolidate two otherwise non-removal cases. (Opinion available at: https://ecf.flmd.uscourts.gov/cgi-bin/show_public_doc?2020-01128-29-6-cv) (last accessed:

Feb. 12, 2026). That is not the case here, where the Plaintiffs in this matter seek consolidation simply to conserve judicial resources, minimize attorney's fees, as well as to eliminate unnecessary repetition and confusion of two matters with identical claims, issues, defenses, facts, parties, witnesses, and even counsel. Here, it is Plaintiffs (not Defendants) seeking consolidation and it is not to artificially create federal jurisdiction that would not otherwise exist (as was the case in the cited footnote in *Fed Ins. Co.*).

Defendants also cite *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) and *Zarrella v. Graduate Grp., Inc.*, No. 12-21976-CIV, 2012 WL 13014710, at *1 (S.D. Fla. Aug. 28, 2012) as somehow requiring this Court to first rule on Plaintiffs' Motions for Remand before Plaintiffs' Joint Motion for Consolidation. Yet neither case stands for that position. In fact, *Ehlen Floor Covering, Inc.* never mentions consolidation. And *Zarrella* simply finds that a motion for remand should be decided before a motion to dismiss.

In short, Defendants have been unable to find a single case preventing this Court from consolidating at this juncture two identical cases simply to conserve judicial resources, eliminate unnecessary repetition and confusion, and mitigate costs & fees for all of the parties.

## CONCLUSION

Plaintiffs Miami Legal Resources, LLC, Rossdale CLE, Inc. and Madison Row Marketing, Inc. respectfully request that the Court grant the Motion to Consolidate.

Respectfully submitted,

By: /s/ Amado Alan Alvarez
AMADO ALAN ALVAREZ
Florida Bar No. 746398
BOARD CERTIFIED CIVIL TRIAL LAWYER
THE ALVAREZ & FRIGER TRIAL LAW FIRM
The Concorde Office Tower
66 West Flagler Street, 12th Floor
Miami, Florida 33130
Tel. (305) ALVAREZ [258-2739]
Fax: 1 (844) ALANFAX [252-6329]

Email: Alan@AlvarezFrigerTLF.com

/s/ Kenneth B. Schurr
Kenneth B. Schurr, Esq.
2030 S. Douglas Road
Suite 105
Coral Gables, FL 33134
Tel.: 305-441-9031
Designated Service E-mail:
kbsservice@schurrlaw.com
counselken@schurrlaw.com


Law Offices of Jordan A. Dresnick
901 Brickell Key Blvd.
Miami, FL 33131
Tel.: 786-220-8785

By: /s/ Jordan A. Dresnick
Jordan A. Dresnick
Florida Bar No. 058529
E-mail: JordanDresnick@gmail.com


Dated: February 12, 2026

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on February 12, 2026, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, via transmission of Notice of Electronic Filing generated by CM/ECF.

                              By: /s/ Kenneth B. Schurr
                              Kenneth B. Schurr
                              Florida Bar No. 876100

**Service List**

Nury Siekkinen
nury@zwillgen.com
Zwillgen PLLC
1900 M Street, NW Suite 250
Washington, DC 20036
Tel.: 202-296-3585
Counsel for Defendants beehiiv, Inc. and Dan Krenitsyn

Kelsey Harclerode
kelsey@zwillgen.com
Zwillgen PLLC
1900 M Street, NW Suite 250
Washington, DC 20036
Tel.: 202-296-3585
Counsel for Defendants beehiiv, Inc. and Dan Krenitsyn

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

By: /s/ Jordan A. Dresnick
Jordan A. Dresnick
Florida Bar No. 058529