UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NUMBER: 1:25-cv-26130-JB/Torres

Madison Row Marketing, Inc.,

    Plaintiff,

v.

beehiiv, Inc. and Dan Krenitsyn,

    Defendants.

CASE NUMBER: 1:26-cv-20111-JB/Torres

Miami Legal Resources, LLC and
Rossdale CLE, Inc.,

    Plaintiffs,

v.

beehiiv, Inc. and Dan Krenitsyn,

    Defendants.

**PLAINTIFFS' JOINT MOTION TO STRIKE ADDITIONAL IMPERTINENT ASPERSIONS FROM THE RECORD AND RESPONSE IN OPPOSITION TO DEFENDANTS' IMPROPER SUR-REPLY**

    Plaintiffs Madison Row Marketing, Inc., Miami Legal Resources, LLC and Rossdale CLE, Inc. in the two above-referenced, related cases, by and through the undersigned counsel, hereby respectfully move this Honorable Court, pursuant to Rule 12 of the Federal Rules of Civil Procedure, to strike **additional** impertinent aspersions from the record, in Defendants' Improper Sur-reply in Further Opposition to Motion for Remand and to deny Defendants' Requests for Leave to File a Sur-reply.  [ECF 22 in *Madison Row Marketing, Inc. v. beehiiv Inc. et al*]; [ECF

1

28 in *Miami Legal Resources, LLC et al v. beehiiv Inc. et al*].

Enough is enough.  Defendants' latest intentional, bad-faith ploy to spoil the waters against Plaintiffs in this case now involves attacking Judge Ronald Dresnick – the father of one of Plaintiffs' counsel.  Judge Dresnick has served as an attorney, 11th Judicial Circuit Judge, arbitrator, and professor for nearly 60 years.  Judge Dresnick is not and has never been a party, witness, counsel, or in **any** way connected to this case.  Defendants went as far as to raise Judge Dresnick's age, marriage, and Judge Dresnick's participation in a state court case where Judge Dresnick served as a Court-appointed ward for his autistic daughter.  This is beyond the pale.  If there were any question about whether Defendants filed the wrong draft of a motion, Defendants were contacted following their latest, outrageous filing and Defendants refused to retract it.  [ECF 22 in *Madison Row Marketing, Inc. v. beehiiv Inc. et al*].  Worse yet, Defendant then filed ostensibly the same, improper copy-and-paste aspersions toward Judge Dresnick yet again two weeks later in a different filing.  [ECF 28 in *Miami Legal Resources, LLC et al v. beehiiv Inc. et al*].  This erases any doubt of some type of mistake by Defendants.

It is no consequence that Defendants have half-heartedly tried to link Judge Dresnick or wholly unrelated state court matters to the records custodian/manager for Plaintiffs, just as it would be irrelevant for Plaintiffs to raise whether one of Defendants' counsel is a neighbor, friend, relative, or former colleague of a records custodian/manager of Defendants.  Moreover, Defendants' latest calculated scheme to personally attack Plaintiffs' counsel comes after Defendants called into question the death of a relative of one of Plaintiffs' counsel and an accident involving another one of Plaintiffs' counsel when Plaintiffs sought a few days enlargement of time for a filing.  *See* Plaintiff's Motion to Strike Impertinent Aspersions from the Record [ECF 22 in *Madison Row Marketing, Inc. v. beehiiv Inc. et al*] and Plaintiffs' Motion to Strike

Impertinent Aspersions from the Record [ECF 11 in *Miami Legal Resources, LLC et al v. beehiiv Inc. et al*]. Even worse, Defendants had agreed to the enlargement of time before challenging it.

The allegations in these two matters are both remarkably simple and identical: Defendants operate one of the largest emailing companies in the United States, claiming to send out billions of emails annually. Florida state law requires email senders, like Defendants, to comply with reasonable measures, like including a functioning unsubscribe link for recipients and making unsubscribe data available to Plaintiffs here. The rationale is quite simple: Floridians should not be bogged by billions of unwanted email messages and to ensure that unsubscribe requests are legally honored. Defendants admittedly have failed to include either a functioning unsubscribe link in a material number of emails sent out by Defendants and have also failed to make Plaintiffs' unsubscribe data available to Plaintiffs. As a result, Plaintiffs brought a pair of state court cases (alleging only state court causes of action) against Defendants, including a Florida Defendant. The Florida Defendant is admittedly a citizen of Florida and has personal liability for his role alleged in the two complaints.

Defendants have no defense to either case. As alleged in the twin Complaints, Defendants send out billions of emails annually, a material number of which fail to abide by Florida law. Because Defendants have no defense to these cases, their counsel have wrongfully taken an unprofessional, burn-all-bridges path. This has caused this Court, its staff, and Plaintiffs to spend considerable time, resources, and fees on Defendants' multiple filings with unprofessional aspersions against non-parties and counsel.

It is black letter law that at this juncture, with Plaintiffs jointly seeking remand back to state court, this Court looks to the allegations in the removed Complaints. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th

Cir. 1998). The Complaints in both matters squarely address and allege Florida Defendant Dan Krenitsyn's personal liability and individualized role as a Defendant; in particular, Plaintiffs have specifically alleged in the removed Amended Complaints at issue in both here that the Plaintiffs attempted to obtain the data from Florida Defendant Dan Krenitsyn and Defendant beehiiv, Inc. *See*, *e.g., Madison Row Legal* Am. Compl. ¶¶ 48-44; *Miami Legal Resources et al.* Am. Compl. ¶¶ 59-63.

It is therefore a material misrepresentation for Defendants to now file a sur-reply in both cases based on Defendants' claim that the affidavits filed with Plaintiffs' Replies to Defendants' Opposition to the Motions for Remand raise new issues. The affidavits did not raise any new issues. The affidavits merely reflected that, **as properly alleged in the removed Complaints,** Plaintiffs specifically detailed requesting the unsusbcribe data from Florida Defendant Dan Krenitsyn and Defendant beehiiv, Inc. The allegations in both Complaints personally and individually against Florida Defendant Dan Krenitsyn have been part of this removed Complaint since day one of removal to federal court. The affidavits from Plaintiffs' record custodian and manager attached to Plaintiffs' Replies to Defendants' Opposition to the Motion for Remand do not raise **any novel issues** allowing Defendants to file a Sur-reply.

Sur-replies are not allowed under the Southern District of Florida local rules. *See* S.D. Fla. L.R. 7.1. Sur-replies are highly disfavored and should only rarely be used when a Reply raises new issues; even then, the sur-reply can only speak to the new issue(s) raised in the Reply. *See Lacher v. West*, 147 F. Supp.2d 538, 539 (N.D. Tex. 2001) ("Once a motion is filed, the Local Civil Rules permit a response by the nonmovant and a reply by the movant. *See* Local Civil Rule 7.1. Thus, the movant is entitled to file the last pleading. Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a

strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not that helpful in resolving pending matters, and only permits pleadings beyond Local Civil Rule 7.1 in exceptional or extraordinary circumstances."); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999) (leave to file a sur-reply generally granted "only in extraordinary circumstances" to minimize "battles over which side should have the last word") (internal citations omitted). A sur-reply is almost always unwarranted when the preceding reply does not raise new arguments. *Fuller v. Lion Oil Trading & Transp.*, LLC, No. 1:19-CV-1020, 2020 WL 3057392, at *6 (W.D. Ark. June 9, 2020) (citing Fleshner, 2019 WL 271619, at *2); *see also F.T.C. v. Real Wealth, Inc.*, 2011 WL 6046442 at *3 n.1 (W.D. Mo. 2011) (sur-reply unwarranted when the reply contained "no new information for which the opportunity to respond is needed").

Even if the Reply had contained new information or allegations, Defendants' relentless tactics to dirty Plaintiffs' counsel and now their families is beneath the fine decorum of this Honorable Court, as well as the professionalism of federal and state courts across Florida. It was not by happenstance that the Florida Supreme Court amended the Oath of Admission in 2011 to state in relevant part, "**To opposing parties and their counsel, I pledge fairness, integrity, and civility, not only in court, but also in all written and oral communications; I will abstain from all offensive personality**." (emphasis supplied).

Plaintiffs and their counsel will politely decline the further invitation by Defendants to engage in impertinent aspersions of non-parties and promulgation of issues unrelated to the merits presently before this Court.

Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part, that, "The court may strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid expenditure of time and money that necessarily arises from litigating spurious issues by disposing of those issues prior to trial." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.); *see* 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE§ 1382, at 706-7 (2d ed. 1990)) ("Scandalous' matter is that which improperly casts a derogatory light on someone"); *Delaware Health Care, Inc. v. MCD Holding Co*., 893 F. Supp. 1279, 1291-92 (D. Del. 1995) ("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded…Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.") (internal citations omitted). While motions to strike are generally disfavored, "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type will be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations." Charles A. Wright *et al*, FEDERAL PRACTICE AND PROCEDURE§ 1382, at at 714; *see Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) (striking allegations that "**reflect adversely on the moral character of an individual who is not a party to this suit. We view these allegations as unnecessary to a decision on the matters in question, and believe that they were improperly pled.**") (emphasis supplied).

## CONCLUSION

Plaintiffs Madison Row Marketing, Inc., Miami Legal Resources, LLC and Rossdale CLE, Inc. in the two above-referenced, related cases respectfully request that the Court strike all impertinent aspersions from the record lodged against Plaintiffs' counsel and their family, filed in Defendants' Sur-replies in Further Opposition to Motion for Remand. [ECF 22 in *Madison Row Marketing, Inc. v. beehiiv Inc. et al*]; [ECF 28 in *Miami Legal Resources, LLC et al v. beehiiv*

*Inc. et al*]. Plaintiffs also request that this Court deny Defendants leave to file such Sur-replies because no new issues were raised in Plaintiffs' Replies.

        Respectfully submitted,

        By: /s/ Amado Alan Alvarez
        AMADO ALAN ALVAREZ
        Florida Bar No. 746398
        BOARD CERTIFIED CIVIL TRIAL LAWYER
        THE ALVAREZ & FRIGER TRIAL LAW FIRM
        The Concorde Office Tower
        66 West Flagler Street, 12th Floor
        Miami, Florida 33130
        Tel. (305) ALVAREZ [258-2739]
        Fax: 1 (844) ALANFAX [252-6329]

        Email: Alan@AlvarezFrigerTLF.com

        /s/ Kenneth B. Schurr
        Kenneth B. Schurr, Esq.
        2030 S. Douglas Road
        Suite 105
        Coral Gables, FL 33134
        Tel.: 305-441-9031
        Designated Service E-mail:
        kbsservice@schurrlaw.com
        counselken@schurrlaw.com

        Law Offices of Jordan A. Dresnick
        901 Brickell Key Blvd.
        Miami, FL 33131
        Tel.: 786-220-8785

        By: /s/ Jordan A. Dresnick
        Jordan A. Dresnick
        Florida Bar No. 058529
        E-mail: JordanDresnick@gmail.com

        Dated: March 12, 2026

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 12, 2026, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, via transmission of Notice of Electronic Filing generated by CM/ECF.

By: /s/ Kenneth B. Schurr
Kenneth B. Schurr

**Service List**

Nury Siekkinen
nury@zwillgen.com
Zwillgen PLLC
1900 M Street, NW Suite 250
Washington, DC 20036
Tel.: 202-296-3585
Counsel for Defendants beehiiv, Inc. and Dan Krenitsyn

Kelsey Harclerode
kelsey@zwillgen.com
Zwillgen PLLC
1900 M Street, NW Suite 250
Washington, DC 20036
Tel.: 202-296-3585
Counsel for Defendants beehiiv, Inc. and Dan Krenitsyn

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

By: /s/ Jordan A. Dresnick<br>
Jordan A. Dresnick